IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHESTER L. SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 168, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0804009871 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 28, 2016
Decided: June 7, 2016

Before **HOLLAND**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 7th day of June 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Chester L. Smith, filed this appeal from a Superior Court order denying his motion for review of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on November 18, 2008, Smith pled guilty to Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), Possession

of a Firearm During the Commission of a Felony ("PFDCF"), and Trafficking in Cocaine. On April 3, 2009 the Superior Court granted the State's motion to have Smith declared a habitual offender under 11 *Del. C.* § 4214(a) and sentenced Smith as follows: (i) for PDWBPP, as a habitual offender under Section 4214(a), eight years of Level V incarceration; (ii) for PFDCF, three years of Level V incarceration; and (iii) for Trafficking in Cocaine, five years of Level V incarceration, suspended after two years for decreasing levels of supervision. Smith did not appeal the Superior Court's judgment.

(3) On February 8, 2016, Smith filed a motion for review of his sentence. Smith contended that he had completed rehabilitation programs and worked while in prison, the Department of Correction ("DOC") was not calculating his good time credits correctly, and the Superior Court should make his sentences concurrent under 11 *Del. C.* § 3901(d), which was amended to give judges the discretion to impose concurrent, rather than consecutive, terms of imprisonment for certain crimes. The Superior Court denied the motion, finding that it was filed more than ninety days after sentencing, Smith failed to show extraordinary circumstances justifying review of his motion under Superior Court Criminal Rule 35(b), and the sentence was appropriate for all of the reasons stated at sentencing. This appeal followed.

(4)     We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[1]  To the extent the claim involves a question of law, we review the claim *de novo*.[2]  Superior Court Criminal Rule 35(b) provides that a motion for reduction of sentence that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217, which permits sentence reduction if the DOC files an application for good cause shown and certifies that the offender does not constitute a substantial risk to the community or himself.

(5)     In his opening brief, Smith argues that the Superior Court erred because: (i) the DOC's failure to calculate his statutory good time credit and earned credits correctly under 11 *Del. C.* § 4381 constituted extraordinary circumstances to justify review of his sentence; and (ii) it failed to consider his claim that he was entitled to relief under 11 *Del. C.* § 3901(d).  These claims are without merit.  First, a petition for a writ of mandamus, not a motion for sentence review, was the proper procedural vehicle for Smith's claim that the DOC is calculating his good time and earned credits incorrectly.[3]

---

[1] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2014).

[2] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).

[3] *See, e.g., Hawkes v. State*, 2009 WL 3087271, at *1 (Del. Sept. 28, 2009) (affirming denial of motion to compel the DOC to recalculate defendant's good time credit because writ of mandamus was proper vehicle for claim); *Ortiz v. State*, 2007 WL 1885122, at *1-2 (Del. July 2, 2007) (affirming denial of motion to modify sentence based on the DOC's failure to apply good time credits because defendant should have filed a petition for writ of mandamus).

3

(6)     Second, Smith is not entitled to concurrent, rather than consecutive, sentences under Section 3901(d).  Section 3901(d) does not apply retroactively to sentences that were imposed before July 9, 2014.[4]  Smith's sentence was imposed on April 3, 2009.  The Superior Court did not err in denying Smith's motion for sentence review.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[4] *Fountain v. State*, --A.3d--, 2016 WL 2927750, at *4-5 (Del. May 16, 2016).

4