IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. DENNEY, | § | |
| | § | |
| Defendant Below, | § | No. 136, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1301012114 and |
| | § | 1211003733 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 9, 2016
Decided: June 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

### ORDER

This 10th day of June 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Michael A. Denney, filed this appeal from a Superior Court order denying his motion for review of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Denney's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Denney resolved two cases in May 2013 by pleading guilty to two counts of Aggravated Possession of Heroin (Tier 5) and one

count of Drug Dealing (Tier 4) in exchange for dismissal of the other pending charges. On May 31, 2013, the Superior Court sentenced Denney as follows: (i) for one count of Aggravated Possession, twenty-five years of Level V incarceration, suspended after three years for decreasing levels of supervision; (ii) for the second count of Aggravated Possession, twenty-five years of Level V incarceration, suspended after two years for two years of Level III probation; and (iii) for Drug Dealing, twenty-five years of Level V incarceration, suspended after two years for two years of Level III probation. Denney did not appeal the Superior Court's judgment.

(3) On July 25, 2013, Denney filed a motion for modification of sentence. The Superior Court denied the motion.

(4) On February 16, 2016, Denney filed a motion for review of sentence. Denney argued that review of his sentence was appropriate because: (i) his terms of imprisonment could be made concurrent, rather than consecutive, under recently amended 11 *Del. C.* § 3901(d); (ii) he had made genuine attempts at rehabilitation; (iii) he had remained employed and participated in as many programs as possible during his incarceration; and (iv) he accepted responsibility for his actions instead of filing a motion for postconviction relief under Superior Court Criminal Rule 61. In an order dated March 4, 2016, the Superior Court denied the motion. The Superior Court found that the sentence was imposed pursuant to a plea agreement,

2

the motion was filed more than ninety days after imposition of the sentence, and the motion was repetitive. This appeal followed.

(5) We review the Superior Court's denial of a motion for sentence modification for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] Superior Court Criminal Rule 35(b) provides that a motion for reduction of sentence that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217, which permits sentence reduction if the Department of Correction files an application for good cause shown and certifies that the offender does not constitute a substantial risk to the community or himself.

(6) In his opening brief, Denney argues that the Superior Court: (i) erred in finding his motion time-barred because he filed his 2013 motion for sentence modification within ninety days of his sentencing; (ii) erred in finding his motion repetitive because it was only his second request for sentence review and was reasonable in light of amended Section 3901(d); and (iii) could have made his terms of imprisonment concurrent under Section 3901(d). These claims are without merit.

(7) First, as the State points out, Denney's filing of his first motion for sentence modification within ninety days of his sentencing does not make any

---

[1] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2014).
[2] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).

subsequent motions for sentence modification that he filed more than ninety days after his sentencing fall within the ninety-day time period set forth in Rule 35(b). Second, Denney's motion was repetitive because it was his second motion under Rule 35(b). Finally, the amendment of Section 3901(d) to give judges the discretion to impose concurrent terms of imprisonment for certain crimes did not require review of Denney's sentence. Section 3901(d) does not apply retroactively to sentences—like Denney's—that were imposed before July 9, 2014.[3] Denney did not show extraordinary circumstances requiring review of his time-barred motion for reduction of sentence. The Superior Court did not err therefore in denying the motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] *Fountain v. State*, --A.3d--, 2016 WL 2927750, at *4-5 (Del. May 16, 2016).

4