IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID H. DICKERSON, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 109, 2016 |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0811010588 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: May 16, 2016
Decided: July 7, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 7th day of July 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, David Dickerson, filed this appeal from a Superior Court order denying his ninth motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Dickerson's opening brief that his appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Dickerson in June 2009 of five criminal offenses, including Burglary in the Third Degree and Attempted Burglary

in the Third Degree. The Superior Court sentenced him to a total period of eleven years at Level V incarceration, to be suspended after serving nine months in prison for one year of Level III probation. Dickerson did not appeal. In July 2010, while at a work release center, Dickerson left the center on a pass and failed to return. He was arrested in New York in November 2010 and extradited to Delaware. He pled guilty to Escape in the Third Degree. Thereafter, in December 2010, the Superior Court found that Dickerson committed a violation of his probation and sentenced him to a total period of ten years at Level V incarceration. Dickerson filed an appeal, but later withdrew it voluntarily.

(3) Since that time, he has filed nine unsuccessful motions seeking correction or modification of his VOP sentence. In February 2016, Dickerson filed a motion requesting review of his sentence under House Bill 312, which was enacted in July 2014 and allows the Superior Court to impose sentences either concurrently or consecutively.

(4) On appeal, Dickerson argues that the passage of H.B. 312, combined with his numerous accomplishments while in prison, constitutes "extraordinary circumstances" under Superior Court Criminal Rule 35(b). He argues that the Superior Court abused its discretion in denying his motion.

(5) Dickerson's assertions, however, provide no basis for this Court to reverse the Superior Court's denial of his motion for modification of sentence.

2

Under Superior Court Criminal 35(b), a motion for reduction of sentence must be filed within 90 days of sentencing unless the defendant can establish extraordinary circumstances.[1] Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence modification.[2] This was Dickerson's ninth motion for modification of sentence, and it was filed more than 90 days after he was originally sentenced. To the extent Dickerson relies upon H.B. 312 to establish extraordinary circumstances, this Court recently held that the amended statute only applies prospectively and not retroactively.[3] Moreover, good behavior in prison does not constitute extraordinary circumstances.[4] Accordingly, we find no abuse of the Superior Court's discretion in denying Dickerson's untimely and repetitive motion for modification of sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Super. Ct. Crim. R. 35(b) (2016).
[2] *Id.*
[3] *Fountain v. State*, __ A.3d __, 2016 WL 2927750 (Del. May 16, 2016)
[4] *State v. Diaz*, 2015 WL 1741768, at *2 n.9 (Del. Apr. 15, 2015).