IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK HENRY, | § | |
| | § | |
| Defendant Below, | § | No. 362, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 0609021733 and |
| Plaintiff Below, | § | 0610025087 |
| Appellee. | § | |

Submitted:  May 20, 2016
Decided:   July 18, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## **O R D E R**

This 18th day of July 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Patrick Henry, filed this appeal from the Superior Court's denial of his motion for modification of sentence. The State of Delaware filed a motion to affirm the judgment below on the ground that it was manifest on the face of Henry's opening brief that the appeal was without merit. The matter was stayed pending the outcome of another appeal, *Fountain v. State*, No. 315,

2015. The Court issued its opinion in *Fountain* on May 16, 2016[1] and the stay was lifted in this appeal. We conclude that the motion to affirm should be granted.

(2) The record reflects that, on March 19, 2007, a Superior Court jury found Henry guilty of Trafficking Cocaine, Possession with Intent to Deliver Cocaine, and four counts of Possession of Drug Paraphernalia. On March 28, 2007, in a different case, a Superior Court jury found Henry guilty of Possession with Intent to Deliver Cocaine and Possession of Drug Paraphernalia. Henry was declared a habitual offender and was sentenced, in both cases, to a total of thirty-nine years of Level V incarceration, suspended after twenty-seven years for eighteen months of Level III probation. On a consolidated appeal of both cases, this Court affirmed the Superior Court's judgment.[2]

(3) On September 3, 2014, Henry asked the Superior Court to make his sentences concurrent instead of consecutive under recently amended 11 *Del. C.* § 3901(d). Effective July 9, 2014, Section 3901(d) was amended to give courts the discretion to impose concurrent terms of imprisonment for certain crimes.[3] The Superior Court denied Henry's request, finding that Section 3901(d) did not exist at the time of Henry's sentencing and was not retroactive. Henry did not appeal the Superior Court's judgment.

---

[1] *Fountain v. State*, --A.3d--, 2016 WL 2927750 (Del. May 16, 2016).
[2] *Henry v. State*, 2008 WL 623208 (Del. Nov. 20, 2007).
[3] 11 *Del. C.* § 3901(d).

2

(4)     On June 3, 2015, Henry again moved for the Superior Court to make his terms of his sentences concurrent under Section 3901(d).  Henry argued that other prisoners had obtained relief under Section 3901(d) and that his request should be granted because he was working on his G.E.D. and he would be able to enter a drug treatment program if the length of his sentence was shortened.  The Superior Court denied Henry's request, finding that the sentence imposed was reasonable and appropriate.  This appeal followed.

(5)     This Court reviews the Superior Court's denial of a motion for correction or reduction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[4]  A sentence is illegal under Superior Court Criminal Rule 35(a) if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, or is not authorized by the judgment of conviction.[5]  Under Rule 35(b), a motion for reduction of sentence that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217, which permits sentence reduction if the Department of Correction files an application for good cause shown and certifies that the offender does not constitute a substantial risk to the community or himself.  Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence modification.

---

[4] *Wallace v. State*, 2014 WL 707168, at *1 (Del. Feb. 17, 2014).
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(6)     Because Henry did not argue that his sentences exceeded the statutory limits, violated double jeopardy, were ambiguous or internally contradictory, or not authorized by the judgment of conviction, his motion was subject to the ninety-day time limit in Rule 35(b).  Henry filed his motion more than ninety days after his sentencing and did not show extraordinary circumstances justifying review of his sentence or that the Department of Correction filed an application under Section 4217.  Section 3901(d) does not apply retroactively to sentences—like Henry's—that were imposed before July 9, 2014.[6]  Henry's motion was also repetitive under Rule 35(b).  The Superior Court did not err therefore in denying Henry's motion for reduction of sentence.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[6] *Fountain v. State*, 2016 WL 2927750, at *4.

4