IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAROD RHODES, | § | |
| | § | No. 149, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0803035910 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  August 9, 2016
Decided:    September 19, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# O R D E R

This 19th day of September 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    In September 2008, the defendant-appellant, Jarod Rhodes, pled guilty to two counts of Maintaining a Vehicle for Keeping Controlled Substances and one count each of Trafficking in Cocaine, Possession with Intent to Deliver, and Possession of Drug Paraphernalia.  Since his guilty plea and sentencing, Rhodes has filed several unsuccessful motions for modification of sentence and one unsuccessful motion for postconviction relief.  On April 19, 2016, the Superior Court denied Rhodes' latest motion,

which sought to modify his consecutive sentences so that they would run concurrently. This appeal followed.

(2) Rhodes's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Rhodes's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Rhodes's attorney informed him of the provisions of Rule 26(c) and provided Rhodes with a copy of the motion to withdraw and the accompanying brief. Rhodes also was informed of his right to supplement his attorney's presentation. Rhodes has not raised any issues for this Court's consideration. The State has responded to the position taken by Rhodes's counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and

determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)     This Court has reviewed the record carefully and has concluded that Rhodes's appeal is wholly without merit and devoid of any arguably appealable issue.  The argument raised in Rhodes's motion for modification of sentence is foreclosed by this Court's recent decision in *Fountain v. State*.[2]  We also are satisfied that Rhodes's counsel has made a conscientious effort to examine the record and the law and has properly determined that Rhodes could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Fountain v. State*, 139 A.3d 837 (Del. 2016).