IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARTIN E. FOUNTAIN, | § | |
| | § | |
| Defendant Below, | § | No. 575, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0209005515 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 15, 2017
Decided: May 4, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## **ORDER**

This 4th day of May 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Martin E. Fountain, filed this appeal from the Superior Court's denial of his motion for sentence reduction under Superior Court Criminal Rule 35(b) and his motion for reargument. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Fountain's opening brief that his appeal is without merit. We agree and affirm.

(2) On March 19, 2003, Fountain was convicted, following a two-day jury trial, of two counts of Possession with Intent to Deliver Cocaine, two counts of Possession with Intent to Deliver Cocaine Within 1,000 Feet of a School, two counts

of Delivery of Cocaine Within 300 Feet of a Park, two counts of Possession of Drug Paraphernalia, and one count of Unauthorized Use of Food Stamps. Fountain was sentenced to 103 years of Level V incarceration, suspended after 30 years and 8 months for decreasing levels of supervision. This Court affirmed Fountain's convictions and sentences on direct appeal.[1] On May 16, 2016, this Court held 11 *Del. C.* § 3901(d), which was amended effective July 9, 2014 to give judges discretion to impose either concurrent or consecutive sentences, did not apply retroactively to Fountain's sentences.[2]

(3) On July 11, 2016, Fountain filed a motion for sentence reduction under Rule 35(b). Fountain argued extraordinary circumstances supported reduction of his sentence because he had completed numerous rehabilitative programs while incarcerated and because his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. The State opposed the motion. In an order dated September 12, 2016, the Superior Court found Fountain's motion was untimely and failed to demonstrate extraordinary circumstances.

(4) On September 13, 2016, Fountain filed a reply to the State's opposition, which the Superior Court treated as a timely motion for reargument. The Superior

---

[1] *Fountain v. State*, 2004 WL 1965196 (Del. Aug. 18, 2004).
[2] *Fountain v. State*, 139 A.3d 837, 843 (Del. 2016).

Court denied the motion for reargument in an order dated November 7, 2016. This appeal followed.

(5)     We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[3] Under Rule 35(b), a motion for reduction of sentence filed more than 90 days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217. The Superior Court "will not consider repetitive requests for reduction of sentence."[4]

(6)     The Superior Court did not err in denying Fountain's motion for sentence reduction and motion for reargument. As the State points out, Fountain's motion for sentence reduction was repetitive because Fountain previously sought reduction of his sentence under 11 *Del. C.* § 3901(d). Fountain also filed his motion for sentence reduction more than 90 days after the imposition of his sentence and failed to show extraordinary circumstances justifying review of his sentence. Fountain's completion of numerous rehabilitative programs in prison is commendable, but does not serve as the basis for sentence reduction under Rule 35(b).[5]    Fountain's conclusory Eighth Amendment claim, which is based on his

---

[3] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[4] Super. Ct. Crim. R. 35(b).
[5] *Culp*, 152 A.3d at 147 (holding plea for leniency more than 90 days after imposition of sentence that is based on rehabilitation must proceed through 11 *Del. C.* § 4217 or the Board of Pardons process, not Rule 35(b)).

juvenile criminal history (although he acknowledges he was not a juvenile at the time of the crimes underlying the sentences he is currently serving), does not constitute extraordinary circumstances warranting reduction of his sentence under Rule 35(b).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice