**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,    )
    )
v.    )    **ID No. 0309000027A**
    )
DARYL E. DOUGLAS,    )
    Defendant.    )

Submitted: July 16, 2018
Decided: October 16, 2018

## ORDER DENYING MOTION FOR CORRECTION OF AN "ILLEGAL" SENTENCE

This 16th day of October, 2018, upon consideration of the Defendant's *pro se* "Motion for Correction of and Illegal Sentence Pursuant to Super. Ct. R. 35(a)" (D.I. 101) and the record in this matter, it appears to the Court that:

(1)    On May 3, 2004, a Superior Court Jury convicted the Defendant Daryl E. Douglas of Robbery in the First Degree, Aggravated Menacing, two counts of Possession of a Firearm During the Commission of a Felony (PFDCF), Wearing a Disguise During the Commission of a Felony and Conspiracy in the Second Degree.[1] When convicted, Douglas had at least two prior armed robbery convictions and was, therefore, a habitual criminal offender.[2] His

---

[1]    DEL. CODE ANN. tit. 11, § 832 (2003) (robbery first degree); *id.* at tit. 11, § 602(b) (aggravated menacing); *id.* at tit. 11, § 1447A (PFDCF); *id.* at § 1239 (wearing a disguise during the commission of a felony); and *id.* at § 512 (conspiracy second degree).

[2]    *See* DEL. CODE ANN. tit. 11, § 4214(b) (2003) (providing that a person who had been twice previously convicted of certain enumerated felonies and was thereafter convicted of another of those enumerated felonies could be declared a habitual criminal).

sentencing occurred on June 25, 2004, after the State had filed a habitual criminal petition.[3] Douglas was sentenced to the minimum required for the first degree robbery as a triggering felony under the then-extant three-strikes provision of the Habitual Criminal Act: a natural life term of imprisonment.[4] He received a consecutive cumulative thirty-two-year prison term for the PFDCF, disguise and conspiracy counts associated with the robbery.[5]

(2)    Douglas has now filed the present motion requesting that the Court "correct his sentence" that he posits "was made illegal by the adoption into law of 80 Del. Laws ch. 321 (2016)", *i.e.*, the recent revisions of Delaware's Habitual Criminal Act.[6]

(3)    Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[7] Relief under Rule 35(a) is available when, *inter alia*,

---

[3]    D.I. 46.

[4]    DEL. CODE ANN. tit. 11, § 4214(b) (2003) (any person sentenced under then-existing § 4214(b) had to receive a natural life sentence for the triggering enumerated felony (or felonies) that formed the basis of the State's habitual criminal petition).

[5]    Modified Sentencing Order, *State v. Daryl E. Douglas*, I.D. No. 0309000027A (Del. Super. Ct. Oct. 3, 2005). Douglas's original sentence also included separate terms for the aggravated menacing conviction and its related PFDCF count, but those two convictions were later reversed on appeal and the sentences vacated. *See Douglas v. State*, 879 A.2d 594, 599 (Del. 2005); D.I. 66–72.

[6]    Def. Rule 35(a) Mot. at 1.

[7]    Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[8]

(4) According to Douglas, because there is now some avenue for review of certain habitual criminal sentences, his sentence has been "abolished" and therefore he should be granted "immediate" modification of his sentence.[9] But Douglas's life sentence does not exceed the statutorily-authorized limits of either the former or current Habitual Criminal Act.[10] And so, relief under Rule 35(a) is not available.

(5) Instead, Douglas may at some point be eligible to seek review of his sentence under 11 *Del. C.* § 4214(f)–just not yet.[11]

---

[8]     *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[9]     Def. Rule 35(a) Mot. at 3.

[10]     *See* n.4, *supra.*; *see also* DEL. CODE ANN. tit. 11, § 4214(a)-(d) (providing that for any habitual criminal the Court may, in its discretion, impose a sentence of "up to life imprisonment".

[11]     Even if Douglas obtains review of his sentence, he is mistaken that this Court would be required to apply the new provisions of the Habitual Criminal Act to the sentence he is serving or to modify his sentence in any way. Indeed, the Court has full discretion to leave Douglas's sentence precisely as it is under the old law with no change. DEL. CODE ANN. tit. 11, § 4214(f) (2018) ("Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section."); Del. Super. Ct. Spec. R. 2017-1(d)(9) ("Nothing in this rule or in 11 *Del. C.* § 4214 shall require the court to grant sentence modification to a petitioner."). *See, e.g., Fountain v. State*, 139 A.3d 837 (Del. 2016) (ameliorative changes to a sentencing statute are prospective, not retroactive, and need not be applied to an inmate sentenced under previous versions of that statute).

(6)     It appears that Douglas does meet the type-of-sentence eligibility requirement set forth in 11 *Del. C.* § 4214(f).[12] But as the Office of Defense Services undoubtedly told him,[13] Douglas does not meet the time-served eligibility requirement set forth in 11 *Del. C.* § 4214(f).[14]

(7)     Under § 4214(f), an inmate meets the time-served eligibility requirement when he "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater."[15]

(8)     Under current 11 *Del. C.* § 4214(d), Douglas, who was twice before convicted of Title 11 violent felonies must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for the triggering first degree robbery conviction (IS03-09-0150) that is the Title 11

---

[12]     DEL. CODE ANN. tit. 11, § 4214(f) (2018) (providing that an inmate serving a sentence imposed upon him as "an habitual criminal [that is] . . . a life sentence pursuant to 4214(b) of this title prior to July 19, 2016" may seek sentence review).

[13]     Def. Rule 35(a) Mot. at 2 ("The Office of Defense Services refused to file an application for a certificate of eligibility because they claimed that Douglas must serve his minimum mandatory portion of his sentence before his is eligible.").

[14]     *State v. Lewis,* 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018) (describing time-served eligibility requirement of § 4214(f) and holding that an inmate must meet it to be granted a certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c)).

[15]     DEL. CODE ANN. tit. 11, § 4214(f) (2018).

violent felony that formed the basis of the State's habitual criminal petition. So Douglas must serve a minimum of 25 years for the triggering first degree robbery conviction (IS03-09-0150) before he can be deemed eligible for § 4214(f) consideration.[16] He has not yet.[17]

**NOW, THEREFORE, IT IS ORDERED** that Daryl E. Douglas's Rule 35(a) motion sentence is **DENIED**.

Paul R. Wallace, Judge

Original to Prothonotary – Sussex County

cc:    Mr. Daryl E. Douglas, *pro se*
David Hume, IV, Chief Prosecutor, Sussex County
Gregory E. Smith, Deputy Attorney General
Todd E. Conner, Esquire
Dawn M. Williams, Esquire
Investigative Services Office – Sussex County

---

[16]    DEL. CODE ANN. tit. 11, §§ 832(a), 4201(c), and 4205(b)(2) (2003) (the statutory maximum for the class B violent felony of robbery first degree at the time of Douglas's crimes was then (and still is) 25 years at Level V).

[17]    Douglas's 25-year term for the triggering first degree robbery conviction (IS03-09-0150) began to run on June 25, 2004. Modified Sentencing Order, *State v. Daryl E. Douglas*, I.D. No. 0309000027A (Del. Super. Ct. Oct. 3, 2005). But that 25-year term may be subject to certain diminution under sections 4205(h), 4381 and 4382 of Title 11. DEL. CODE ANN. tit. 11, § 4205(h) (2018) (Department of Correction may, in its sole discretion, house Level V inmates in certain Level IV facilities during the last 180 days of the inmates' sentences); *id.* at § 4381 (Earned good time); and *id.* at § 4382 (Forfeiture of good time).