IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK HENRY, | § | |
| | § | |
| Defendant Below, | § | No. 111, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 0609021733, |
| | § | 0610025087, 0506024010 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 3, 2019
Decided: July 16, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Patrick Henry, filed this appeal from the Superior Court's denial of his motion to change his sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Henry's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that, on March 19, 2007, a Superior Court jury found Henry guilty of Trafficking Cocaine, Possession with Intent to Deliver Cocaine, and four counts of Possession of Drug Paraphernalia in Criminal ID No. 0609021733.  These charges arose from the discovery of Henry with cocaine on September 29,

2006. On March 28, 2007, a Superior Court jury found Henry guilty of Possession with Intent to Deliver Cocaine and Possession of Drug Paraphernalia in Criminal ID No. 0610025087. These charges arose from the discovery of Henry with cocaine on October 25, 2006. On May 11, 2007, the Superior Court sentenced Henry in both cases to a total of thirty-nine years of Level V incarceration, suspended after twenty-seven years for eighteen months of Level III probation. On a consolidated appeal in both cases, the Court affirmed the Superior Court's judgment.[1]

(3) On February 4, 2019, Henry filed a document titled "Motion Amend § 3901 Fixing Term of Imprisonment." The Superior Court denied the motion, holding 11 *Del C.* § 3901 is not retroactive. This appeal followed.

(4) Henry argues, as he did below, that the Superior Court imposed too many consecutive sentences, the sentences did not include any step-down provisions to ensure his successful reintegration into society, and his trial counsel and postconviction counsel were ineffective. Henry does not raise the § 3901 claims he made in the Superior Court and has therefore waived those claims.[2] His remaining claims are without merit.

---

[1] *Henry v. State*, 2008 WL 623208 (Del. Mar. 7, 2008).
[2] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."). In 2016, this Court affirmed the Superior Court's denial of Henry's previous motion for his sentences to be made concurrent under § 3901(d). *Henry v. State*, 2016 WL 4091235 (Del. July 18, 2016).

(5)     We construe Henry's motion in the Superior Court as a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a).  A sentence is illegal under Rule 35(a) if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, or is not authorized by the judgment of conviction.[3]  At the time Henry was sentenced in 2007, his Level V sentences had to run consecutively.[4]  His convictions arose from two separate incidents in which he was found with drugs.  Henry's consecutive sentences are not illegal.

(6)     Contrary to Henry's contentions, his sentences include the statutorily required time (at least six months of Level IV, III, or II supervision) to facilitate his transition back into society.[5]  Finally, the proper procedural vehicle for Henry's ineffective assistance of counsel claim was a motion for postconviction relief under Rule 61, not a motion for correction of sentence under Rule 35.[6]

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] 11 *Del. C.* § 3901(d) (1995) ("No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant."). Effective July 9, 2014, § 3901(d) was amended to give courts the discretion, with certain exceptions, to impose concurrent or consecutive sentences of confinement.  Amended § 3901(d) does not apply to sentences imposed before July 9, 2014. *Fountain v. State*, 139 A.3d 837, 843 (Del. 2016).

[5] 11 *Del. C.* § 4204(l) ("[W]henever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society.").

[6] *See, e.g., Cochran v. State*, 2007 WL 2812870, at *2 (Del. Sept. 28, 2007) (affirming the Superior Court's denial of motion for correction of illegal sentence where the defendant argued his counsel was ineffective).  We note that there is no indication in Henry's motion or opening brief that he can overcome the procedural hurdles of Rule 61.  Because Henry previously filed an unsuccessful motion for postconviction relief under Rule 61, he would have to satisfy Rule 62(d)(2) and plead with particularity the existence of new evidence that creates a strong inference that he is actually

3

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

innocent or a new rule of constitutional law that is retroactive, applies to his case, and renders his conviction invalid.