IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARTIN E. FOUNTAIN, | § | |
| | § | No. 315, 2015 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0209005515 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: May 4, 2016
Decided: May 16, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices; and **SLIGHTS**,* Vice Chancellor, constituting the Court *en Banc*.

Upon appeal from the Superior Court. **AFFIRMED**.

William M. Lafferty, Esquire (*Argued*), Susan Wood Waesco, Esquire, Richard Li, Esquire, Glenn R. McGillivray, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware, *Amicus Curiae* for Defendant-Below, Appellant.

John R. Williams, Esquire, Department of Justice, Dover, Delaware, Attorney for Plaintiff-Below, Appellee.

**HOLLAND**, Justice:

---

* Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to complete the quorum.

This appeal involves the interpretation and application of Delaware's Amended Sentencing Act, codified at 11 *Del. C.* § 3901(d), to determine if the Amended Sentencing Act is retroactive. The defendant-appellant, Martin E. Fountain ("Fountain"), appeals from the Superior Court's judgment denying his motion for resentencing on grounds that the Amended Sentencing Act does not apply retroactively.

On appeal, Fountain—with the assistance of *amicus curiae*—argues that the Amended Sentencing Act vests a judge with the discretion to modify a consecutive sentence entered before the Act was effective on July 9, 2014 and to reimpose concurrent terms of imprisonment. Fountain contends that such an interpretation of the Act is consistent with Delaware's criminal justice reform efforts and Delaware's practice of retroactively applying remedial or procedural statutory amendments. The State opposes Fountain's interpretation of the Amended Sentencing Act and argues that the provision for judicial discretion to impose a concurrent sentence, provided for in the Amended Sentencing Act, operates prospectively only, because there is no express statement in the amendment to § 3901(d) that provides for its retroactive application.

We have concluded that the Amended Sentencing Act operates prospectively. Therefore, the judgment of the Superior Court must be affirmed.

## Background

Fountain was arrested on September 9, 2002, and charged with multiple drug-related offenses and the unauthorized use of food stamps. On March 19, 2003, Fountain was convicted, following a two-day jury trial, of two counts of Possession with Intent to Deliver Cocaine; two counts of Possession with Intent to Deliver Cocaine Within 1,000 Feet of a School; two counts of Delivery of Cocaine Within 300 Feet of a Park; two counts of Possession of Drug Paraphernalia; and one count of Unauthorized Use of Food Stamps.

On September 10, 2003, Fountain was sentenced to a total of 103 years at Level V incarceration, to be suspended after 30 years and 8 months for decreasing levels of supervision. Two sentences—both for the Delivery of Cocaine convictions—accounted for 29 years and 11 months of the near 31 years at Level V sentenced (the "Two Cocaine Sentences").[1] This Court affirmed Fountain's convictions and sentences on direct appeal.[2]

Over the last twelve years, Fountain has filed multiple criminal appeals as attempts to overturn his convictions or modify his sentence. This appeal involves Fountain's most recent attempt to modify his sentence of consecutive terms as

---

[1] Fountain received 30 years at Level V incarceration for both Possession with Intent to Deliver Cocaine convictions, each suspended after 15 years; however, Fountain received a 30-day credit for time served with respect to one of the Two Cocaine Sentences.
[2] *Fountain v. State*, 2004 WL 1965196 (Del. Aug. 18, 2004).

imposed in 2003. Fountain filed a Motion for Review of Sentence and Judgment Pursuant to the Amended Sentencing Act. The Superior Court denied the motion. Then, Fountain filed a Motion to Arrest Judgment (the "Motion"), in which he requested that the Two Cocaine Sentences run *concurrently* rather than *consecutively* pursuant to the Amended Sentencing Act. The Superior Court declined to apply the Amended Sentencing Act retroactively and denied Fountain's Motion.

Fountain filed a *pro se* Notice of Appeal. The State moved to affirm. This Court denied the State's motion to affirm, finding that it was not "manifest on the face of the opening brief that [Fountain's] appeal is without merit." The Court appointed William M. Lafferty as *amicus curiae* "to assist the Court in resolving the question of law raised in [Fountain's] appeal, which has resulted in conflicting outcomes in the Superior Court." Mr. Lafferty was assisted by Susan Wood Waesco, Shaun M. Kelly, Richard Li, and Glenn R. McGillivray. The *pro bono* service by all of these attorneys, as *amicus curiae*, is sincerely appreciated by the Court and is in accordance with the highest traditions of the Delaware Bar.

### *Parties' Contentions on Appeal*

Fountain argues that there are two primary reasons why the Amended Sentencing Act vests a judge with discretion to modify a sentence entered before

4

July 9, 2014 to reimpose concurrent terms of imprisonment.[3] First, Fountain asserts that Delaware common law recognizes the retroactive application of the Amended Sentencing Act, because the Act is remedial and procedural. Second, Fountain submits that retroactive application of the Amended Sentencing Act is consistent with both the intent of the General Assembly in enacting the Amended Sentencing Act as well as the general approach to sentencing reform that has been embraced in Delaware. In response to Fountain's arguments, the State submits that Delaware follows a bright-line rule that, unless a legislative change to a statute contains an express statement that the amendment is intended to have retroactive application, the statutory amendment operates only prospectively.

### Standard of Review

This appeal involves questions of law and the Superior Court's construction of the Amended Sentencing Act. This Court reviews questions of law and the Superior Court's statutory construction *de novo*.[4]

### The Amended Sentencing Act

Section 3901 of Title 11 of the Delaware Code provides for the fixing of terms of imprisonment. In 1976, the Delaware legislature eliminated concurrent sentencing entirely with the enactment of 11 *Del. C.* § 3901(d) which read: "When

---

[3] As a result of the parties' positions at oral argument, we have concluded it is unnecessary to address the Delaware Savings Statute. 11 *Del. C.* § 211.
[4] *State v. Barnes*, 116 A.3d 883, 888 (Del. 2015).

a person is convicted of two or more offenses arising from the same criminal conduct, and is sentenced to confinement for two or more separate offenses, such sentences shall be consecutive sentences and not concurrent sentences."[5]

In 1977, the legislature amended § 3901(d) to read: "No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant."[6] This 1977 version of § 3901(d) was applicable in September 2003 when Fountain was sentenced in this instant matter.

Over 10 years after Fountain's sentencing, on July 9, 2014, the General Assembly amended § 3901(d) to its current version, which provides:

> The court shall direct whether the sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant. Notwithstanding the foregoing, no sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of [certain enumerated] crimes . . . or for any sentence for possession of a firearm by a person prohibited where the criminal defendant was previously convicted of a Title 11 violent felony.[7]

---

[5] 60 Del. Laws ch. 308 (1976).
[6] 61 Del. Laws ch. 158 (1977).
[7] 79 Del. Laws ch. 297 (2014) (codified at 11 *Del. C.* § 3901(d)).

6

The current version of § 3901(d) is the result of House Bill No. 312, which contained the 2014 amendment to the Act.[8] The synopsis of House Bill No. 312 states: "This bill restores judicial discretion to permit the imposition of *either concurrent or consecutive* sentences, bringing Delaware in line with the other 49 states and the federal government."[9]

House Bill No. 312 is titled "An Act to *Amend* Title 11 of the Delaware Code Relating to Sentencing" and § 3901(d) was amended using the "strike through" and "underline" methods provided for in 1 *Del. C.* § 109(d)(1). The changes incorporated in § 3901(d) did not change the overall subject matter of the provision and the General Assembly never used the words "repeal" in the revision process. Therefore, the revisions to § 3901(d) qualify as amendments.

### *General Rule is Prospective Application*

The question is whether the amended version of § 3901(d) is retrospective or prospective in its application. To determine the proper application of the Amended Sentencing Act, the Court must look to the statutory language to ascertain legislative intent through a textual analysis of the statutory language.[10] It is a general rule that statutory amendments operate prospectively unless the legislature expressly states,

---

[8] Del. H.B. 312, 147th Gen. Assem. (2014).
[9] Del. H.B. 312 syn., 147th Gen. Assem. (2014) (emphasis added).
[10] *Williams v. State*, 756 A.2d 349, 351 (Del. 2000).

7

to the contrary, that the amendments shall be retrospective.[11]  In the 1936 decision

in *Keller v. Wilson & Co.*,[12] the Delaware Supreme Court explained:

> From the time of our first reports the principle has been declared that the Court will not infer an intention to make an act retrospective.  In *Smith v. Clemson*, it was said that to give an act a retrospective operation would be contrary to well settled principles of law applicable to the construction of statutes unless it be plainly and unmistakably so provided by the statute.  In *Diamond State Iron Co., v. Husbands*, it was said that retrospective legislation as a rule is deemed dangerous and generally reprehensible.  The principle was clearly recognized by the former Court of Errors and Appeals in *Cook v. Gray*.[13]

### *Common Law Exception to Prospective Application*

Despite the general rule of prospective application of statutory amendments,

absent an express statement to the contrary, this Court in *Hubbard v. Hibbard Brown*

*& Co.*,[14] recognized an exception for remedial statutory amendments that are

procedural: "'A statutory amendment is remedial, and may apply retroactively, when

[the amendment] relates to practice, procedure or remedies and does not affect

substantive or vested rights.'"[15]  Fountain argues that this Court should invoke the

Delaware common law exception to the general rule and apply the Amended

Sentencing Act retroactively.

---

[11] *Hubbard v. Hibbard Brown & Co.*, 633 A.2d 345, 354 (Del. 1993).
[12] 190 A. 115 (Del. 1936).
[13] *Id.* at 125 (internal citations omitted) (referring to cases from the 1800s).
[14] 633 A.2d 345 (Del. 1993).
[15] *Id.* at 354 (quoting 2 NORMAN J. SINGER, SUTHERLAND STATUES AND STATUTORY CONSTRUCTION § 41:9 (5th ed. 1993)).

8

Retroactivity is discussed in Chapter 41 of the Sutherland Statutes and Statutory Construction treatise. In discussing the interpretation of a statutory amendment, the treatise explains:

> Retrospective operation is not favored by courts, and a law is not construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application.[16]

With respect to whether statutory amendments are substantive or remedial or procedural, the treatise states: "A law is substantive if it creates rights, duties and obligations, while a remedial or procedural law simply prescribes the methods of enforcement of those rights."[17] In other words, "a statutory amendment is remedial, and may apply retroactively, when it relates to practice, procedure or remedies and it does not affect substantive or vested rights."[18]

### *Amended Act Operates Prospectively*

In this case, we need not rely upon the general rule of prospectivity, or determine whether the exception to that rule for remedial legislation applies. The reason is simple: Regardless of whether an interpretative maxim of any kind applies, the Superior Court was correct to find that the Amended Sentencing Act is best read as intending to operate prospectively. In fact, consecutive sentencing remains

---

[16] 2 NORMAN J. SINGER, SUTHERLAND STATUES AND STATUTORY CONSTRUCTION § 41:4 (7th ed. 2015).

[17] *Id.* § 41:9.

[18] *Id.*

9

mandatory in Delaware for certain serious crimes under the Amended Sentencing Act.[19] In the future, judges only have discretion to impose concurrent sentences for those crimes that are not included in the continuing statutory mandate of consecutive sentences for certain serious crimes.

Perhaps even more important, the General Assembly would have spoken specifically if it intended the Amended Sentencing Act to operate retroactively because for it to do so sensibly, other changes to give retroactivity meaning were needed. The futility of an argument in favor of retroactivity became apparent during oral argument. There is no way for an offender to seek to use the amendment retrospectively except by way of a motion under Superior Court Criminal Rule 35(b), which explicitly provides that the Superior Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." As a result, retroactive application of the Amended Sentencing Act would have a hollow meaning for offenders, as the General Assembly would have provided no vehicle by which an offender who had been sentenced before its effective date could employ it to get relief.[20]

---

[19] 79 Del. Laws ch. 297 (2014) (emphasis added); Del. H.B. 312, Am. 2, 147th Gen. Assem. (2014) ("This amendment to House Bill No. 312 would not allow concurrent sentencing for certain serious crimes, such as murder, first degree assault, carjacking, robbery, burglary, home invasion, and rape. It would also exempt persons convicted of Possession of a Firearm by a Person Prohibited where the criminal defendant was previously convicted of a Title 11 violent felony.").

[20] Although it is of course true that Rule 35(b) allows for a late filing in "extraordinary circumstances," that exception has typically been invoked only when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent. *See, e.g., State*

10

Relatedly, because retroactive application of this important sentencing change could be reasonably expected to result in many applications for resentencing, with a corresponding obligation to give notice to those who were affected by the crimes that gave rise to the original sentences[21]—and therefore have a large effect on segments of the public, law enforcement and defense resources, and the judiciary itself—it would be natural to expect the legislation to provide for retroactivity explicitly and to include special procedures to address its retrospective application. Silence about these important points, not only in the legislation and synopsis itself, but in the floor debate, cuts strongly against the retroactive application of the amendment.

In sum, if the General Assembly intended to permit retroactive judicial consideration of concurrent sentences that were imposed prior to July 9, 2014, that would have been stated in the Amended Sentencing Act.

---

v. *Lewis*, 797 A.2d 1198, 1202 (Del. 2002) (affirming the Superior Court's finding of extraordinary circumstances where the defendant petitioned for a reduction of his sentence to avoid deportation, which would have caused a hardship to his family); *State v. DeRoche*, 2003 WL 22293654, at *3–5 (Del. Super. Aug. 29, 2003) (finding extraordinary circumstances where the defendant was not receiving adequate medical care at the correctional facility for his heart problems and high blood pressure).

[21] 11 *Del. C.* § 9411(a)(11) ("After a prosecution is commenced by the Attorney General in the Superior Court, the Attorney General shall promptly inform a victim of . . . [n]otice of sentence reduction or mortification order.").

## *Conclusion*

We hold that the Amended Sentencing Act applies only prospectively. The judgment of the Superior Court is affirmed.