IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NORMAN INGRAM, | § | |
| | § | No. 262, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0305008270 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 20, 2016
Decided: July 18, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## ORDER

This 18th day of July 2016, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Norman Ingram, filed this appeal from the Superior Court's denial of his motion for resentencing. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) On December 2, 2003, Ingram was convicted of and sentenced for five drug offenses, including Trafficking in Cocaine and Possession with Intent to Deliver Cocaine ("PWITD"). Ingram's sentence included two consecutive terms of unsuspended Level V incarceration—a three-year term for Trafficking in

Cocaine and a fifteen-year term for PWITD.  On direct appeal, this Court affirmed Ingram's convictions and sentence.[1]

(3)	In May 2015, Ingram filed a "motion for resentencing under House Bill 312" asking the Superior Court to resentence him to concurrent terms of incarceration under a 2014 amendment of 11 *Del. C.* § 3901(d).[2]  The Superior Court denied the motion, and this appeal followed.

(4)	The amendment of section 3901(d), which gives judges the discretion to impose concurrent terms of imprisonment for certain crimes, does not apply retroactively to sentences imposed before July 9, 2014, the effective date of the amendment.[3]  Ingram was sentenced in 2003.  The Superior Court did not err when denying Ingram's motion for resentencing.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] *Ingram v. State*, 2004 WL 2154325 (Del. Sept. 17, 2004).
[2] *See* 11 *Del. C.* § 3901 (governing term of imprisonment) (Supp. 2016).
[3] *Fountain v. State*, __ A.3d __, 2016 WL 2927750, at *4-5 (Del. May 16, 2016).