IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WESLEY J. FISHER, | § | |
| | § | No. 326, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1110018244 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 20, 2016
Decided: July 19, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 19th day of July 2016, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)     The appellant, Wesley J. Fisher, filed this appeal from the Superior Court's denial of his motion for resentencing.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.  We agree and affirm.

(2)     Following his guilty plea to two counts of Drug Dealing, Fisher was sentenced on March 5, 2012 to two consecutive four-year terms of unsuspended Level V incarceration.  In June 2015, Fisher filed a "motion for resentencing under

House Bill 312" asking the Superior Court to resentence him to concurrent terms of incarceration under a 2014 amendment of 11 *Del. C.* § 3901(d).[1] The Superior Court denied the motion, ruling that the sentence was appropriate for all the reasons stated at the time of sentencing and that the motion was time-barred. This appeal followed.

(3) Superior Court Criminal Rule 35(b) provides that the court may modify a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[2] When a motion is filed more than ninety days after sentencing, the court can consider the motion only in extraordinary circumstances.[3] The denial of a motion under Rule 35(b) is reviewed for abuse of discretion.[4]

(4) Here, the Superior Court did not abuse its discretion when denying Fisher's motion for resentencing. The amendment of § 3901(d), which gives judges the discretion to impose concurrent terms of imprisonment for certain crimes, does not apply retroactively to sentences imposed before July 9, 2014, the effective date of the amendment.[5] Fisher was sentenced in 2012.

---

[1] *See* 11 *Del. C.* § 3901 (governing term of imprisonment) (Supp. 2016).
[2] Del. Super. Ct. Crim. R. 35(b).
[3] *Id.*
[4] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).
[5] *Fountain v. State*, __ A.3d __, 2016 WL 2927750, at *4-5 (Del. May 16, 2016).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice