IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARCUS JOHNSON, | § | |
| | § | |
| Defendant Below- | § | No. 233, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1305001585 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 24, 2016
Decided: July 21, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 21st day of July 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Marcus Johnson, filed this appeal from a Superior Court order denying three motions seeking modification of his sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit. We agree and affirm.

(2) Johnson pled guilty in July 2013 to two counts of Possession of a Controlled Substance (Tier 5 weight). Upon the State's motion, the

Superior Court declared Johnson to be a habitual offender. The Superior Court sentenced Johnson on October 4, 2013 to a total period of seventeen years at Level V incarceration, to be suspended after serving nine years in prison for decreasing levels of supervision. Johnson did not file a direct appeal. Instead, Johnson file two motions seeking modification of his sentence in May 2014 and July 2014. The Superior Court denied both motions in a single order in August 2014.

(3) Thereafter, between August 2015 and December 2015, Johnson filed three more motions seeking modification of his sentence based on claims that: (i) he was entitled to have his sentences run concurrently as a result of the General Assembly's adoption of House Bill 312;[1] and (ii) the State was required to file a substantial assistance motion in his case. The Superior Court denied Johnson's motions on April 26, 2016. This appeal followed.

(4) On appeal, Johnson first argues that House Bill 312, which amended 11 *Del. C.* § 3901(d) to permit concurrent sentences, applies to his case. He argues that the Superior Court abused its discretion in refusing to modify his sentences to allow them to run concurrently and erred in concluding that the amended law did not apply retroactively.

---

[1] 79 Del. Laws c. 297 (2014).

(5) Johnson is incorrect. The Court recently held in *Fountain v. State*[2] that the amendment to 11 *Del. C.* § 3901(d) only applies prospectively and not retroactively.[3] Thus, the Superior Court did not err in refusing to amend Johnson's sentences to permit them to run concurrently.

(6) Moreover, we find no merit to Johnson's claim that the Superior Court erred in failing to hold a hearing on his claim that the State had breached its agreement to file a substantial assistance motion on his behalf.[4] Under Superior Court Criminal 35(b), a motion for reduction or modification of sentence must be filed within 90 days of sentencing unless the defendant can establish extraordinary circumstances.[5] Johnson failed to establish extraordinary circumstances in this case because, as the Superior Court properly held, he offered nothing to support his claim that the State had agreed to file a substantial assistance motion on his behalf. Accordingly, we find no abuse of the Superior Court's discretion in denying Johnson's untimely and repetitive motion for modification of sentence.

---

[2] __ A.3d __, 2016 WL 2927750 (Del. May 16, 2016).
[3] *Id*. at *4-5.
[4] Under 11 *Del. C.* § 4220(a), the State may file a motion to modify a defendant's sentence if the defendant has provided substantial assistance in the identification, arrest or prosecution of any other person for a crime under any state or federal law.
[5] Del. Super. Ct. Crim. R. 35(b) (2016).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice