IN THE SUPREME COURT OF THE STATE OF DELAWARE

CANDIDO REYNOLDS, §
§ No. 196, 2016
Defendant Below, §
Appellant, § Court Below—Superior Court of the
§ State of Delaware
v. §
§ Cr. ID Nos. 1302015545
STATE OF DELAWARE, § 1303009388
§
Plaintiff Below, §
Appellee. §

Submitted: August 26, 2016
Decided: October 24, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 24th day of October 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     The appellant, Candido Reynolds, filed this appeal from the Superior Court's denial of his motion for modification of sentence under Superior Court Criminal Rule 35(b).  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.  We agree and affirm.

(2)     On March 25, 2014, immediately following his guilty plea to Reckless Endangering in the First Degree and Tier 4 Possession of Cocaine, Reynolds was

declared a habitual offender under 11 *Del. C.* § 4214(a) and was sentenced as such to five years at Level V for Reckless Endangering. For the drug offense, Reynolds was sentenced to fifteen years at Level V suspended after five years for eighteen months of Level III probation.

(3) On February 29, 2016, Reynolds filed a motion for modification of sentence under Rule 35(b). By order dated March 11, 2016, the Superior Court denied the motion. This appeal followed. We review the denial of a motion for modification of sentence for abuse of discretion.[1]

(4) On appeal, Reynolds argues that his two consecutive five-year Level V terms should be modified to run concurrently as now permitted under 11 *Del. C.* § 3901(d).[2] His claim is without merit. The amendment of § 3901(d), which gives judges the discretion to impose concurrent terms of imprisonment for certain crimes, does not apply retroactively to sentences imposed before July 9, 2014, the effective date of the amendment.[3] Reynolds was sentenced on March 25, 2014. Under these circumstances, the Superior Court's denial of Reynolds' motion for modification of sentence was not an abuse of discretion.

---

[1] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).

[2] 11 *Del. C.* § 3901(d) (Supp. 2016).

[3] *Fountain v. State*, 139 A.3d 837 (Del. 2016).

2

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice