# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1408022157 A&B |
| | ) | 1408022140 |
| DATWAN LUM, | ) | |
| | ) | |
| Defendant. | ) | |

*Submitted*:  October 8, 2019

*Decided*:  November 13, 2019

## ORDER DENYING DATWAN LUM'S MOTION FOR SENTENCE MODIFICATION

The Court has reviewed Defendant's Motion for Sentence Modification ("Motion") and the State's response thereto. And now, this 13th day of November, 2019, the Court makes the following findings and conclusions:

1.     On December 22, 2014, a grand jury returned two separate indictments against Defendant Datwan Lum. The indictments arose out of a burglary on August 25, 2014.

2.     One indictment (case number 1408022140) charged Defendant with Burglary Second Degree, three counts of felony Theft, Conspiracy Second Degree, Criminal Mischief and Receiving Stolen Property stemming from the burglary.

3.     The second indictment (case number 1408022157) charged Defendant with Possession of a Firearm by a Person Prohibited ("PFBPP"), Carrying a

Concealed Deadly Weapon ("CCDW"), Receiving a Stolen Firearm, Resisting Arrest and Possession of Marijuana stemming from Defendant's arrest from the initial burglary investigation. Defendant proceeded to separate trials in both cases.

4. On September 3, 2015, a jury returned guilty verdicts on Burglary Second Degree, two counts of felony Theft, Conspiracy Second Degree, Receiving Stolen Property and Criminal Mischief.

5. Case number 1408022157 was severed into parts A&B. This case resulted in three trials. The first trial ended in a mistrial after the jury could not reach a unanimous verdict. Defendant was convicted in the second trial. The Court, however, granted Defendant's motion for a new trial based on the Court's *Allen* charge to the jury.[1] The third jury returned guilty verdicts for PFBPP, CCDW and Resisting Arrest.

6. Following a pre-sentence investigation on both cases, on August 26, 2016, the Court sentenced Defendant to five years at Level V for PFBPP (minimum-mandatory), one year at Level V for CCDW and one year at Level V for Burglary Second Degree (minimum-mandatory), followed by probation for the remaining offenses. The Court ordered Defendant to serve the Level V sentences consecutively for a total of seven years.

---

[1] *See, e.g., Collins v. State*, 56 A.3d 1012, 1019-22 (Del. 2012) (discussing *Allen v. U.S.*, 164 U.S. 492, 17 S. Ct. 154 (1896) and its progeny).

7. On July 19, 2019, Defendant filed his Motion for Modification of Sentence. In his Motion, Defendant argues that the newly enacted "House Bill #5" states that "it [is] designed so inmates can get lesser prison sentence[s] under concurrent sentences instead of consecutive sentences." As such, Defendant argues that the Court should reduce his sentence to time served because he has "already served 5 y[ea]rs at level-5, and if [he] was sentenced under a concurrent sentence from day one, [he] would [have] got[ten] a lesser sentence th[a]n 7 y[ea]rs from being sentenced consecutive." Although not explicitly referenced, Defendant is presumably discussing the recent amendment to 11 *Del. C.* 3901(d).[2]

8. Pursuant to Superior Court Criminal Rule 35, the Court may reduce a sentence of imprisonment on a motion promptly made, *i.e.*, within 90 days after the sentence is imposed.[3] The Court has broad discretion under this rule to decide if it should alter its judgment when a motion for reduction of sentence is filed within 90 days of sentencing.[4] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[5]

---

[2] *State v. Thomas*, --- A.3d ----, 2019 WL 5704287, at *3-4, (Del. Super. Nov. 4, 2019).

[3] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014).

[4] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014).

[5] *Reed*, 2014 WL 7148921, at *2.

9. If a motion is not made within 90 days of the sentence's imposition, an inmate seeking to reduce a sentence of imprisonment must demonstrate "extraordinary circumstances."[6]

10. In order to "uphold the finality of circumstances," Delaware law places a heavy burden on the moving party to demonstrate extraordinary circumstances.[7] The Supreme Court of Delaware has defined "extraordinary circumstances" in the context of Rule 35 as circumstances that "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[8]

11. The Court sentenced Defendant on August 26, 2016. Therefore, Defendant's Motion, which was not filed until July 19, 2019, is beyond the 90-day time limitation and must be rejected unless he can show "extraordinary circumstances."

12. Defendant's sole basis for relief is the recent amendment to Section 3901(d), which grants the Court greater discretion to impose concurrent sentences. Fatal to Defendant's Motion is that the legislature did not include language in the

---

[6] *Id.* (citing *Sample v. State*, 36 A.3d 350 (Del. 2012) (TABLE)).

[7] *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7, 2006).

[8] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. 2015).

amended statute that House Bill 5 should apply retroactively to sentences previously imposed.[9] Therefore, the amendment to 11 *Del. C.* §3901(d) is a *prospective* statute that does not apply to Defendant's sentence.[10] For this reason alone, the Court will deny Defendant's Motion.

13. Even if the statute was not prospective in nature (which it is), the relevant change for purposes of Defendant's Motion is that the amendment to Section 3901(d) removed Burglary Second Degree from the list of offenses that could not be served concurrently.[11] The amendment did not affect PFBPP or CCDW, as neither were included under the old or new list of offenses that could not be served concurrently.[12] As such, the sentencing judge made a conscious decision to sentence the defendant to consecutive sentences for his offenses.

14. The Court further does not find any "extraordinary circumstances" present that would warrant a reduction in Defendant's sentence. Defendant faced a minimum-mandatory five-year sentence for PFBPP and a minimum-mandatory one-year sentence for Burglary Second Degree. The Court, in its discretion, imposed an

---

[9] *See Thomas*, 2019 WL 5704287, at *4-5.

[10] *See Thomas Fountain v. State*, 139 A.3d 837, 841-43 (Del. 2016) (holding that the 2014 amendment to 11 *Del. C.* §3901 did not apply retroactively); *Thomas*, 2019 WL 5704287, at *4.

[11] *See* 11 *Del. C.* § 3901(d).

[12] *Id.*

additional one-year sentence for the CCDW conviction and exercised its discretion to make the sentences run consecutively. Defendant presents nothing in his Motion, other than the change to Section 3901(d), to justify his request.

15. The Court also notes that Defendant was charged with both cases while he was on probation for a prior Robbery Second Degree conviction in 2010. Defendant also has numerous other convictions spanning 15 years or more. Therefore, the Court finds Defendant's seven-year sentence was appropriate under the circumstances and no extraordinary circumstances are present that warrant a reduction in the sentence.

**IT IS SO ORDERED.**

---
Meghan A. Adams, Judge

Original to Prothonotary

cc: James K. McCloskey, Deputy Attorney General
Datwan J. Lum, *pro se* (SBI No. 00502966)

additional one-year sentence for the CCDW conviction and exercised its discretion to make the sentences run consecutively. Defendant presents nothing in his Motion, other than the change to Section 3901(d), to justify his request.

15. The Court also notes that Defendant was charged with both cases while he was on probation for a prior Robbery Second Degree conviction in 2010. Defendant also has numerous other convictions spanning 15 years or more. Therefore, the Court finds Defendant's seven-year sentence was appropriate under the circumstances and no extraordinary circumstances are present that warrant a reduction in the sentence.

**IT IS SO ORDERED.**

Meghan A. Adams, Judge

Original to Prothonotary

cc: James K. McCloskey, Deputy Attorney General
Datwan J. Lum, *pro se* (SBI No. 00502966)