IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM J. HAWKINS, | § | |
| | § | No. 14, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 9911005395 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 14, 2020
Decided: April 20, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    William Hawkins appeals the Superior Court's December 23, 2019 order denying his motion for sentence modification or reduction. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hawkins' opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that a Superior Court jury convicted Hawkins in March 2000 of second degree assault, possession of a deadly weapon during the commission of a felony ("PDWDCF"), and second degree unlawful imprisonment.

The Superior Court declared Hawkins a habitual offender under 11 *Del. C.* § 4214(a) and sentenced him as follows: (i) for second degree assault, to eight years of Level V incarceration; (ii) for PDWDCF, to twenty-two years of Level V incarceration; and (iii) for second degree unlawful imprisonment, to one year of Level V incarceration, suspended for one year of Level III probation. We affirmed Hawkins' convictions and sentence on direct appeal.[1]

(3) On June 23, 2006, Hawkins filed a motion for correction of an illegal sentence. The Superior Court denied the motion, and we affirmed on appeal.[2]

(4) On September 24, 2019, Hawkins filed a motion for sentence reduction and asked the Superior Court to modify his sentence to permit his sentence for second degree assault and his sentence for PDWDCF to run concurrently under 11 *Del. C.* § 3901(d), as amended in 2014. Hawkins also requested that his sentence be modified to incorporate a probation component as required by 11 *Del. C.* § 4204(l). On October 21, 2019, the Superior Court denied the motion, finding that the motion was untimely under Superior Court Criminal Rule 35(b) ("Rule 35(b)") and that no extraordinary circumstances existed to excuse the time bar.

(5) On October 28, 2019, Hawkins filed a motion for reconsideration of his motion for reduction of sentence. Hawkins argued that the Superior Court applied

---

[1] *Hawkins v. State*, 2002 WL 384436 (Del. Mar. 6, 2002).
[2] *Hawkins v. State*, 2007 WL 188170 (Del. Jan. 25, 2007).

the incorrect standard of review when it denied his application as untimely. Although Hawkins fashioned his motion as a motion for reconsideration, the Superior Court considered it as a motion for sentence modification.[3] On December 23, 2019, the Superior Court denied the motion for modification, finding that (i) Hawkins' sentence remained appropriate for the reasons stated at sentencing and (ii) the court had previously denied Hawkins's request to have his sentence modified to permit the sentences to run concurrently and no new information had been provided to warrant a change in the court's position. Hawkins appeals.

(6) On appeal, Hawkins contends, as he did below, that the Superior Court had the discretion to modify his March 2000 sentence to permit his second degree assault sentence and his PDWDCF sentence to run concurrently under 11 *Del. C.* § 3901(d). This argument is without merit. Section 3901(d) was amended in 2014 to authorize the Superior Court to direct whether sentences will run concurrently or consecutively, except in specified circumstances. But we have held that this amendment does not apply retroactively to sentences that were imposed prior to its

---

[3] If the court had considered the motion as one for reconsideration, the court would have dismissed it as untimely. *See State v. Brown*, 2019 WL 3249402, at *2 (Del. Super. Ct. July 18, 2019) (noting that a motion for reconsideration in a criminal matter must be filed within five days of the original order).

adoption.[4]  The version of 11 *Del. C.* § 3901(d) in effect when the Superior Court sentenced Hawkins did not permit the court to impose concurrent sentences.

(7)  Hawkins next argues that the Superior Court erred by failing to modify his sentence to conform with the requirements of 11 *Del. C.* § 4204(l).  This argument is also unavailing.  Section 4204(l) requires a transitional period after a sentence of Level V incarceration of one year or more.[5]  The Superior Court fulfilled this requirement when it sentenced Hawkins on his conviction of second degree unlawful imprisonment to one year of Level V incarceration, suspended for one year of Level III probation.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[4] *Fountain v. State*, 139 A.3d 837, 843 (Del. 2016) (concluding that the General Assembly could not have intended for the amendment to apply retroactively; in light of Rule 35(b)'s ninety-day time bar, "retroactive application of the Amended Sentencing Act would have a hollow meaning for offenders, as the General Assembly would have provided no vehicle by which an offender who had been sentenced before its effective date could employ it to get relief.").

[5] 11 *Del. C.* § 4204(l) ("Except when the court imposes a life sentence or sentence of death, whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society.  The 6-month transition period required by this subsection may, at the discretion of the court, be in addition to the maximum sentence of imprisonment established by the statute.").

4