IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EUDALDO NAVARRO, | § | |
| | § | No. 257, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1712003000 (N) |
| Plaintiff Below, | § | 1709006495 (N) |
| Appellee. | § | |

Submitted: October 7, 2020
Decided: October 26, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, we find it evident that the judgment below should be affirmed on the basis of and for the reasons assigned in the Superior Court's July 16, 2020 order. Contrary to the appellant's assertion, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[1] Accordingly, the Superior Court did not

---

[1] *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003). *See also Fountain v. State*, 139 A.3d 837, 842 (Del. 2016) ("There is no way for an offender to seek to use the amendment [to 11 *Del. C.* § 3901(d)] retrospectively except by way of a motion under Superior Court Criminal Rule 35(b)….").

abuse its discretion in treating the appellant's "Motion to Run Level V Sentences Concurrently" as an untimely-filed motion for sentence modification under Superior Court Criminal Rule 35(b).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice