**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: February 22, 2022
Decided: March 28, 2022

Mr. Bruce A. Rowan
SBI# 173951
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Stephen Welch, Jr.
Chief Prosecutor – Kent County
Department of Justice
102 W. Water Street
Dover, Delaware 19904

Todd E. Conner, Esquire
Chief Deputy
Dawn M. Williams, Esquire
Assistant Public Defender
Office of Defense Services
Carvel State Office Building
820 North French Street, Third Floor
Wilmington, Delaware 19801

RE:     *State v. Bruce A. Rowan*
        I.D. No.  0910020105
        Request for Certificate of Eligibility under 11 *Del. C.* § 4214(f)

Dear Mr. Rowan and Counsel:

The Court has reviewed Mr. Rowan's filing docketed February 22, 2022, through which he requests, *pro se*, a certificate of eligibility to seek review of his sentence under Title 11, Section 4214(f) and that the Court order the Office of Defense Services "to assist [him] in [his] efforts to obtain relief under 4214(f)."[1]  In short, he suggests that the Court should grant him a certificate of eligibility because he believes others who have received one may have served a shorter period of time than he has.[2]  Moreover, Mr. Rowan insists he is due consideration because he believes he has exhibited good behavior and engaged in notable rehabilitative efforts while incarcerated.

---

[1]     D.I. 180

[2]     *Id.* (citing *e.g. State v. McDougal*, 2020 WL 4384088 (Del. Super. Ct. July 31, 2020)).

Both may indeed be true. But neither is helpful in satisfying the exacting threshold requirements for § 4214(f) eligibility in Mr. Rowan's individual case.[3] That said, for the sake of completeness, the Court has reviewed: Mr. Rowan's request; the record in his case; and, the applicable law and Court rules.

Mr. Rowan is serving a habitual criminal sentence for each of six of his 28 felony convictions tit in this case. All six of those are for violent felonies[4] and were imposed as follows: Continuous Sexual Abuse of a Child (IK09-12-0111)—40 years at supervision Level V; Rape in the Fourth (IK09-12-0122)—15 years at supervision Level V; Rape in the Fourth (IK09-12-0123)—15 years at supervision Level V; Rape in the Fourth (IK09-12-0124)—15 years at supervision Level V; Rape in the Fourth (IK09-12-0125)—15 years at supervision Level V; and, Rape in the Fourth (IK09-12-0126)—15 years at supervision Level V.[5] Prior to sentencing, the State had moved to have Mr. Rowan's habitual criminal status applied to each of those six convictions.[6] The Court granted that motion.[7] That means the minimum mandatory sentence for the continuous sexual abuse count under then-extant 11 *Del. C.* § 4214(a) became a 25-year term of imprisonment; the minimum mandatory sentence for each fourth-degree rape count under then-extant 11 *Del. C.* § 4214(a) became a term of 15 years of imprisonment.[8] The effective date of

---

[3]   *See State v. Lewis*, 2018 WL 4151282, at \*\*1-2 (Del. Super. Ct. Aug. 28, 2018), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019) (describing the requirements that must be met before the Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)).

[4]   DEL. CODE ANN. tit. 11, § 4201(c) (2021).

[5]   Sentencing Orders, *State v. Bruce A. Rowan*, ID No. 0910020105 (Del. Super. Ct. Jan. 27, 2011) (D.I. 67). The remaining 22 counts were not sentenced under the Habitual Criminal Act.

[6]   Habitual Criminal Petition, *Bruce A. Rowan*, ID No. 0910020105 (Del. Super. Ct. Jan. 19, 2011) (D.I. 65).

[7]   D.I. 66.

[8]   DEL. CODE ANN. tit. 11, § 4214(a) (2008) (providing for a minimum mandatory sentence equal to the statutory maximum for each violent Title 11 triggering felony); *id.* at §§ 778, 4201(c) and 4205(b)(2) (maximum sentence for continuous sexual abuse of a child, a violent class B felony, was 25 years at Level V at the time of Mr. Rowan's crimes—it has not changed since then); *id.* at §§ 770, 4201(c) and 4205(b)(3) (maximum sentence for the violent class C felony of fourth-degree rape was at the time of Mr. Rowan's crimes, and remains, 15 years at Level V); and, *id.* at § 3901(d) (providing at the time of Mr. Rowan's crimes that no sentence

Mr. Rowant's sentence is December 28, 2009.[9]

To be eligible for sentencing relief under § 4214(f), an inmate serving a sentence (or sentences) imposed under the pre-2016 Habitual Criminal Act must meet both a type-of-sentence *and* the time-served requirement.[10] Mr. Rowan meets neither.

*First*, he does not meet the type-of-sentence requirement because the 40-year incarcerative term for his continuous sexual abuse conviction was imposed as a matter of the sentencing judge's discretion.

When Mr. Rowan was sentenced for continuous sexual abuse of a child as a habitual criminal, § 4214(a) provided that he could receive a sentence of up to life imprisonment and would receive no less than "a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title."[11] The statutory maximum penalty for continuous sexual abuse of a child was 25 years at Level V incarceration.[12] So for that count, Mr. Rowan faced a sentence ranging anywhere from 25 years to life imprisonment. Because the sentencing judge exercised his discretion under § 4214(a) to sentence

---

of confinement for any crime could be made to run concurrently with any other sentence of confinement imposed).

Where the State files a substantively adequate motion for application of one's habitual offender status and that motion becomes the basis for a finding of the existence of his habitual offender status, this Court must apply that habitual offender status to each specific count—no more or no less—advanced by the State. *Kirby v. State*, 1998 WL 184492, at *2 (Del. Apr. 13, 1998); *Reeder v. State*, 2001 WL 355732, at * 3 (Del. Mar. 26, 2001); *Hawkins v. State,* 2002 WL 384436, *2 (Del. Mar. 6, 2002); *Johnson v. State*, 2002 WL 1343761, at *2 (Del. June 18, 2002).

[9] Sentencing Order, at 1.

[10] *State v. Harris*, 2022 WL 472518, at *1 (Del. Super. Ct. Feb. 14, 2022).

[11] DEL. CODE ANN. tit. 11, § 4214(a) (2008).

[12] *See* n.8, *supra*.

him to 40 years of imprisonment instead of 25 years at Level V incarceration, he did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."[13] Consequently, Mr. Rowan does not meet § 4214(f)'s type-of-sentence eligibility requirement on that crime alone.[14]

*Second*, one can become time-served eligible for § 4214(f) relief only "after [he] has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by th[e current provisions of the Habitual Criminal Act] or the statutes describing said offense or offenses, whichever is greater."[15] And under either of the current provisions of the Habitual Criminal Act applicable to Mr. Rowan and his fourth-degree rape convictions—§ 4214(c) and (d)—the cumulative habitual criminal portion of that sentence for those five crimes would be exactly the same: an additional minimum mandatory term of 75 years of unsuspended imprisonment.[16]

---

[13] DEL. CODE ANN. tit. 11, § 4214(f) (2021).

[14] *See Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act, and so, where a sentencing judge exercised his or her discretion to impose greater than the minimum required under pre-2016 § 4214(a), the inmate cannot seek modification under § 4214(f)); *Durham v. State*, 2018 WL 2069057, at * 1 (Del. May 2, 2018) (same); *State v. Williams*, 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018) (same); *State v. Alley,* 2018 WL 5013526 (Del. Super. Ct. Oct. 16, 2018) (same).

[15] DEL. CODE ANN. tit. 11, § 4214(f) (2021).

[16] *See* DEL. CODE ANN. tit. 11, § 4214(c) (2021) (habitual criminal sentenced for a triggering fourth felony, when that felony is a Title 11 violent felony and at least one of his priors was a Title 11 violent felony, must receive the statutory maximum for that triggering Title 11 violent felony); *id.* at § 4214(d) (providing now that one who has been twice previously convicted of Title 11 violent felonies and who is then convicted of another Title 11 violent felony, is declared a habitual criminal and must receive a minimum sentence of the statutory maximum penalty provided elsewhere in Title 11 for the triggering felony (or felonies) that form the basis of the habitual criminal petition); *see also Hawkins, supra.* (this Court must apply one's habitual status to each triggering conviction upon which the State moves in its petition); *see also Fountain v. State*, 139 A.3d 837, 842-43 (Del. 2016) (changes to § 3901(d) that might now allow some concurrent sentencing for certain crimes do not apply retroactively to inmates convicted and sentenced before 2014 Amended Sentencing Act's effective date—July 9, 2014); *State v. Thomas*, 220 A.3d 257, 264 (Del. Super. Ct. 2019) (same for changes to § 3901(d) introduced by the 2019 Amended Sentencing Act).

As such, Mr. Rowan is not eligible for relief for his five rape convictions under 11 *Del. C.* § 4214(f) because he does not meet the statute's time-served eligibility requirement.[17]

Therefore, Mr. Rowan's request for a certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c) is **DENIED**, with prejudice. He is manifestly ineligible for relief under 11 *Del. C.* § 4214(f) and the Court need not appoint him counsel to pursue a futile application for relief.[18]

**IT IS SO ORDERED.**

_____

Paul R. Wallace, Judge

cc:     Criminal Prothonotary – Kent County

---

[17]  *See* DEL. CODE ANN. tit. 11, § 4214(f) (2021) (inmate must serve a sentence equal to the current mandatory under the amended Habitual Criminal Act to be eligible for relief); *see also Harris*, 2022 WL 472518, at *4 (explaining analysis under the time-served requirement).

[18]  *See, e.g., Clark*, *supra.* (this Court does not err in denying appointment of counsel when it is clear on the record that an inmate doesn't meet § 4214(f)' eligibility requirements).