IN THE SUPREME COURT OF THE STATE OF DELAWARE

HARRY W. ANDERSON, §
 § No. 386, 2019
Defendant Below, §
Appellant, § Court Below—Superior Court
 § of the State of Delaware
v. §
 § Cr. ID. Nos.  0511001605
STATE OF DELAWARE, §         1206018361
 §
Plaintiff Below, §
Appellee. §

Submitted:  November 7, 2019
Decided:  January 7, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Harry W. Anderson, filed this appeal from the Superior Court's denial of his motion for sentence modification.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit.  We agree and affirm.

(2)    Anderson pleaded guilty to Assault Second Degree in 2006.  The Superior Court sentenced him to eight years of incarceration, suspended after one year for two years of probation.  Anderson violated his probation four times between 2007 and 2013.  On January 30, 2013, the Superior Court found Anderson guilty of

his fourth violation of probation ("VOP") and sentenced him to six years at Level V suspended after four years for six months at Level II probation.[1] On appeal, this Court affirmed the Superior Court judgment but remanded the case to the Superior Court with instructions to credit Anderson with 348 days for time previously served.[2] On remand, by order dated October 30, 2013, the Superior Court modified the fourth VOP sentence to require that Anderson serve only four years in prison, followed by six months of probation.[3] This Court affirmed on appeal from the October 30, 2013 modified sentence order.[4] On September 25, 2014, the Superior Court modified the October 30, 2013 sentence order to give Anderson credit for an additional 62 days previously served.

(3) In January 2013, Anderson pleaded guilty to two counts of Burglary Third Degree. On September 20, 2013, the Superior Court sentenced him as follows: (i) on the first count, as a habitual offender, to six years of incarceration; and (ii) on the second count, to three years of incarceration, suspended for eighteen months of probation. On April 22, 2019, Anderson filed a motion for sentence correction in the burglary case, which the Superior Court denied on June 26, 2019.

---

[1] *See Anderson v. State*, 2014 WL 3511715 (Del. July 14, 2014) (summarizing history).
[2] *Id.* (discussing the appeal in *Anderson v. State*, 2013 WL 5434596 (Del. Sept. 25, 2013)).
[3] *Id.*
[4] *Id.*

(4)   Anderson then filed a motion for sentence modification in both the burglary and assault cases, requesting that his sentences in the burglary and assault cases be made to run concurrently under 11 *Del. C.* § 3901(d).  Section 3901(d), as amended by the General Assembly in 2014, authorizes the Superior Court to direct whether sentences will run concurrently or consecutively, except that sentences for certain offenses listed in the statute may not run concurrently with any other sentence.  In 2019, the General Assembly amended Section 3901(d) to eliminate some of the offenses for which sentences may not run concurrently.

(5)   The Superior Court denied Anderson's motion on August 12, 2019.  Anderson has appealed from the Superior Court's August 12, 2019 order, and in his opening brief also requests review of the Superior Court's June 26, 2019 order.

(6)   We find no merit to Anderson's appeal.  We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[5]  Under Rule 35(b), a motion for reduction or modification of sentence must be filed within ninety days of sentencing, absent a showing of "extraordinary circumstances."[6]  Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence modification.[7]  Anderson's repetitive motion for sentence modification was filed well beyond the ninety-day limit.  In any event,

---

[5] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[6] SUPER. CT. CRIM. R. 35(b).
[7] *Id.*

Anderson is subject to sentencing under the version of Section 3901(d) in effect at the time of his offenses, not at the time of his modified sentence order.[8]

(7) This Court is without jurisdiction to consider Anderson's untimely and procedurally improper attempt to appeal the Superior Court's June 26, 2019 order. As the Court observed when dismissing Anderson's first untimely attempt to appeal the June 26 order, a timely notice of appeal should have been filed on or before July 26, 2019.[9] This Court lacks jurisdiction to consider an untimely appeal, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[10] Anderson cannot overcome the jurisdictional defect by seeking review of the June 26 order in his opening brief in this separate appeal.

(8) Finally, we note that Anderson's motion to proceed *in forma pauperis* was improvidently granted in this case. Anderson falsely certified that he has never been found by any court to have abused the judicial process by filing frivolous or malicious litigation. In fact, in a 2015 appeal from a Superior Court order denying

---

[8] *See Ingram v. State*, 2014 WL 7010667 (Del. Dec. 9, 2014) (affirming denial of motion for reduction or correction of sentence in which defendant sought sentence reduction based on statutory amendment that became effective after his offenses but before his indictment); *Dahms v. State*, 2004 WL 1874650 (Del. Aug. 17, 2004) (affirming denial of motion for sentence modification in which defendant sought sentence modification based on statutory amendment that became effective after his offenses but before his guilty plea and sentencing). *See also Fountain v. State*, 139 A.3d 837 (Del. 2016) (holding that the 2014 amendments to Section 3901(d) do not operate retroactively).

[9] *Anderson v. State*, 2019 WL 3883736 (Del. Aug. 16, 2019).

[10] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

4

a motion for correction of sentence, this Court found that Anderson's repetitive, meritless filings constituted an abuse of the judicial process.[11]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[11] *Anderson v. State*, 2015 WL 6150938 (Del. Oct. 19, 2015).