# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                            )
                            )     **ID Nos. 1708002212 and**

v.                         )     **and 0911009189**
                            )
                            )     **Cr. A. Nos. IN17-08-0842, etc.**

BRYAN D. ROBERTS,     )
         **Defendant.**     )

Submitted: May 15, 2020
Decided: June 8, 2020

## ORDER DENYING SECOND MOTION TO REDUCE OR MODIFY SENTENCE

This 8th day of June, 2020, upon consideration of the Defendant Bryan D. Roberts' Second *Pro Se* Motion for Sentence Reduction or Modification and its supplement (D.I. 66 and 67*), and the record in this matter, it appears to the Court that:

(1)    On September 18, 2017, a New Castle County grand jury indicted Mr. Roberts for Possession of a Firearm by a Person Prohibited (PFBPP), Possession of Ammunition by a Person Prohibited, Carrying a Concealed Deadly Weapon, and Possession of Drug Paraphernalia.[1]

---

\* To avoid confusion, the Court will refer only to the docket entries assigned in Case No. 1708002212.

[1] Indictment, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Sept. 18, 2017) (D.I. 2).

(2) After a three-day jury trial conducted in March 2018, Mr. Roberts was convicted of all charges.[2] After his counsel successfully argued for and obtained Mr. Roberts a new trial,[3] he pleaded guilty to the PFBPP count. The plea was a consolidated resolution of these new charges and Mr. Roberts's then-pending probation violation from earlier robbery and attempted robbery convictions.[4] Mr. Roberts pled in exchange for dismissal of the remaining charges and the State's favorable sentencing recommendation (a total cap of seven years unsuspended imprisonment with other terms).[5]

(3) The Court sentenced Mr. Roberts several months later, after a presentence investigation report was prepared. Mr. Roberts was sentenced to: (a) PFBPP (IN17-08-0842)—15 years at Level V, suspended after five years for ten years at Level IV (DOC Discretion), suspended after six months for two years at Level III; (b) VOP-Robbery First Degree

---

[2]  Verdict Form, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Mar. 9, 2018) (D.I. 27).

[3]  D.I. 29-38.

[4]  Plea Agreement and TIS Guilty Plea Form, *State v. Bryan D. Roberts*, ID Nos. 1708002212 and 0911009189 (Del. Super. Ct. May 7, 2018) (D.I. 41).

[5]  *Id.*

(VN09-11-1580-03)—one year at Level V; and (c) VOP-Attempted Robbery First Degree (VN09-11-1581-02)—six days at Level V.[6]

(4) The five-year term of imprisonment for PFBPP is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[7] As required by then-extant law, Mr. Roberts's term of confinement for PFBPP could not be made to run concurrently with either VOP sentence.[8] Nor could the VOP sentences run concurrently with each other as one arose from his prior robbery conviction.[9] Consequently, Mr. Roberts must serve a cumulative unsuspended six-year and six-day Level V term before he

---

[6] Sentencing Order, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Aug. 10, 2018) (D.I. 44); VOP Sentencing Order, *State v. Bryan D. Roberts*, ID No. 0911009189 (Del. Super. Ct. Aug. 10, 2018) (D.I. 46).

[7] DEL. CODE ANN. tit. 11, § 1448(e)(1)(b) ("[A] prohibited person . . . who knowingly possesses . . . or controls a firearm . . . while so prohibited shall receive a minimum sentence of . . . [f]ive years at Level V, if the person does so within 10 years of the date of conviction for any violent felony. . .").

[8] DEL. CODE ANN. tit. 11, § 3901(d) (2017) ("[N]o sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . possession of a firearm by a person prohibited where the criminal defendant was previously convicted of a Title 11 violent felony. . .").

[9] *See id.* ("[N]o sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . Robbery in the first degree. . .").

transitions to community supervision. And that combined sentence's effective date is August 4, 2017.[10]

(5) Mr. Roberts filed no direct appeal from his conviction, violation of probation, or their sentences. But he did docket, among other things, a motion under Superior Court Criminal Rule 35(b) requesting reduction of his Level V term. He asked then that the Court order his mandatory term of confinement imposed for PFBPP and his VOP terms be deemed to have run concurrently. In effect, this would reduce his prison term by one year and six days. According to Mr. Roberts, this relief was permitted by a then-newly-enacted statute and was appropriate because of his rehabilitative efforts, acceptance of responsibility, and familial hardship.[11] The Court denied that motion.[12]

(6) Mr. Roberts has now filed another Rule 35(b) motion to reduce his Level V sentence.[13] He again asks the Court to reduce his sentence by one

---

[10] Sentencing Order, *State v. Bryan D. Roberts*, ID No. 1708002212 (Del. Super. Ct. Aug. 10, 2018) (D.I. 44); VOP Sentencing Order, *State v. Bryan D. Roberts*, ID No. 0911009189 (Del. Super. Ct. Aug. 10, 2018) (D.I. 46).

[11] D.I. 56 and 57.

[12] *State v. Roberts*, 2019 WL 6487204 (Del. Super. Ct. Nov. 27, 2019).

[13] Def. 2nd Rule 35(b) Mot. (D.I. 67). *See Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

year and six months.[14] This time he suggests the Court should do so by "suspend[ing the cumulative one-year six-day VOP sentence] to 18 months Level 3 following the completion of the Level 5 term for PFBPP."[15] As Mr. Roberts seems to recognize, the earliest he could complete his term of imprisonment for PFBPP is February 2022—a little less than two years from now.[16] But he argues the Court should grant the reduction now due to "extraordinary circumstances" brought on by the COVID-19 pandemic. Mr. Roberts claims that such reduction will allow him to help his mother and family both with medical circumstances financially. He claims also that "with underlying circumstances [he is] more likely to contract COVID-19 in prison . . . [as] the number of cases in J.T.V.C.C. is on a steady rise."[17]

(7) The Court may consider such a motion "without presentation, hearing or argument."[18] The Court will decide his motion on the papers filed and the complete sentencing record in Mr. Roberts' case.

---

[14] Def. Supp. Ltr., at 1 (D.I. 66).

[15] *Id.*

[16] *See id.*

[17] Def. 2nd Rule 35(b) Mot., at 2; Def. Supp. Ltr., at 1.

[18] Super. Ct. Crim. R. 35(b).

(8)     When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[19]

(9)     "Rule 35(b) requires that an application to reduce imprisonment be filed promptly – i.e. within 90 days of the sentence's imposition – 'otherwise, the Court loses jurisdiction' to act thereon."[20]  An exception to this bar exists:  to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[21]  A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[22]

(10)   The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a

---

[19]   *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[20]   *Redden,* 111 A.3d at 607 (internal citations omitted).

[21]   *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[22]   *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

particular thing or event."[23]  "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[24]  In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[25]

(11)  Mr. Roberts filed this motion more than a year and a half after he was sentenced.[26] But his mere incantation of COVID-19 concerns presents no "extraordinary circumstances" under Rule 35(b).  His generalized suggestion of his "underlying (but unidentified) health conditions," his statement of anxiety,[27] and his claim of familial hardship are all factors each

---

[23]  *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[24]  *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[25]  *Id.*

[26]  And more than two and a half years after the effective date of his cumulative sentence.

[27]  Def. Supp. Ltr., at 1 ("This pandemic has effected [sic] mentally . . .").

and collectively of a sort Delaware courts have rejected as adequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[28] What's more, Mr. Roberts' requested relief—eliminating incarcerative terms that take don't take affect until after he has finished his PFBPP sentence, *i.e.*, another twenty months from now—belies any suggestion that Mr. Roberts "faces some genuinely compelling change in circumstances that makes a resentencing urgent."[29]

(12) But Mr. Roberts' failure to meet Rule 35's "extraordinary circumstance" criterion is not all that prohibits this Court from considering his time-barred prayer for sentence reduction.

(13) Also found in Rule 35(b) is a separate and unforgiving bar: "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[30] As our Supreme Court and this Court have consistently held, Rule 35(b) strictly

---

[28] *E.g.*, *State v. Bednash*, 2020 WL 2917305, at *2 (Del. Super. Ct. June 3, 2020) (Finding inmate's summary allegations of his medical conditions and vulnerability to COVID-19 do not establish "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b).); *Jones v. State*, 2003 WL 356788 (Del. Feb. 14, 2003) (Holding that financial and familial hardships, without more, did not constitute extraordinary circumstances.); *Boyer v. State,* 2003 WL 21810824, at *5 (Del. Aug. 4, 2003) (This Court acted within its discretion when it found that, even with other issues raised, defendant's familial hardships did not amount to extraordinary circumstances.).

[29] *Fountain*, 139 A.3d at 842 n.20.

[30] Super. Ct. Crim. R. 35(b) (emphasis added).

prohibits consideration of repetitive requests for sentence reduction.[31] The 90-day jurisdictional limit may have its "extraordinary circumstances" exception, but the bar to repetitive motions has none.[32] No, this bar is absolute, flatly "prohibits repetitive requests for reduction of sentence," and has been understood and applied without fail for decades.[33] Mr. Roberts may have ignored the repetitive-motion bar to consideration of his current Rule 35(b) motion. The Court cannot. And so, the Court must deny Mr. Roberts' Rule 35(b) motion on this basis alone.[34]

**NOW, THEREFORE, IT IS ORDERED** that Mr. Roberts' motion for reduction or modification of sentence is **DENIED**.

**SO ORDERED this 8th day of June, 2020.**

**Paul R. Wallace, Judge**

---

[31] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016); *Redden,* 111 A.3d at 608–09.

[32] *Culp,* 152 A.3d at 144; *Redden,* 111 A.3d 608–09.

[33] *See Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (As court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction.); *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("[M]otion was repetitive, which also precluded its consideration by the Superior Court."); *Jenkins v. State*, 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions.").

[34] *Culp,* 152 A.3d at 145; *Redden,* 111 A.3d 608–09.

Original to Prothonotary

cc: James K. McCloskey, Deputy Attorney General
Timothy J. Weiler, Esquire
Mr. Brian D. Roberts, *pro se*