## SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: February 24, 2022
Decided: March 8, 2022
Withdrawn and Reissued:  March 9, 2022

Mr. Jerome B. Reed
SBI# 318410
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> RE: *State v. Jerome B. Reed*
> I.D. No.  0101023931
> Request to Proceed *Pro Se* and
> for Certificate of Eligibility under 11 *Del. C.* § 4214(f)

Dear Mr. Reed:

The Court has reviewed:  (1) your recent request to proceed *pro se* under Del. Super. Ct. Spec. R. 2017-1(b) and (c) and accompanying *pro se* request for a certificate of eligibility;[1] (2) the record in your case; and (3) the applicable law and Court rules.

You are serving a habitual criminal sentence for each of four of your felony convictions in this case—Robbery First Degree (IS01-02-0121), Kidnapping Second Degree (IS01-02-0122), Burglary Second Degree (IS01-02-0125) and Burglary Second Degree (IS01-02-0547).[2] The State had moved to have your habitual criminal status applied to each of those four violent felony convictions.[3]

---

[1]    D.I. 278.

[2]    Corrected Sentencing Order, *State v. Jerome B. Reed,* ID No. 0101023931 (Del. Super. Ct. Jan. 10, 2006) (D.I. 116).

[3]    Habitual Criminal Petition, *State v. Jerome B. Reed,* ID No. 0101023931 (Del. Super. Ct. Nov. 9, 2001) (D.I. 56).

The Court granted the State motion.[4]  As a consequence,[5] the first 46 years of your 51-year imprisonment term were required to be imposed under then-extant 11 *Del. C.* § 4214(a).[6]  The effective date of your sentence is November 30, 2001.[7]

Under § 4214(f), a habitual criminal serving a sentence under the pre-2016 Habitual Criminal Act is eligible for sentencing relief only "after the person has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by th[e current provisions of the Habitual Criminal Act] or the statutes describing said offense or offenses, whichever is greater."[8]  And under the current provision of the Habitual Criminal Act applicable to you—§ 4214(c)—the resulting habitual criminal portion of your sentence would be exactly the same:  a minimum mandatory term of 46 years of unsuspended imprisonment.[9]

---

[4]  D.I. 33.

[5]  *See Hawkins v. State*, 2002 WL 384436, *2 (Del. Mar. 6, 2002) (State may seek habitual offender status for each triggering felony count; where the State does, the Court is limited to abiding by the resulting sentencing range sought by the State).

[6]  DEL. CODE ANN. tit. 11, § 4214(a) (2000) (providing for a minimum mandatory sentence equal to the statutory maximum for each violent Title 11 triggering felony); *id.* at  §§ 832, 4201(c) and 4205(b)(2) (maximum sentence for first-degree robbery, a violent class B felony, was 20 years at Level V at the time of this your crimes); *id.* at §§ 783, 4201(c) and 4205(b)(3) (maximum sentence for the violent class C felony of second-degree kidnapping was, at the time of your crimes, ten years at Level V); *id.* at §§ 825, 4201(c) and 4205(b)(4) (maximum sentence for the violent class D felony of second-degree burglary was, at the time of your crimes, eight years at Level V); and, *id.* at § 3901(d) (providing at the time of your crimes that no sentence of confinement for any crime could be made to run concurrently with any other sentence of confinement imposed).

[7]  Corrected Sentencing Order, at 1.

[8]  DEL. CODE ANN. tit. 11, § 4214(f) (2021).

[9]  *See* DEL. CODE ANN. tit. 11, § 4214(c) (2021) (habitual criminal sentenced for a triggering fourth felony, when that felony is a Title 11 violent felony and at least one of his priors was a Title 11 violent felony, must receive the statutory maximum for that triggering Title 11 violent felony); *see also Hawkins, supra.* (this Court must apply one's habitual status to each triggering conviction upon which the State moves in its petition); *see also Fountain v. State*, 139 A.3d 837, 842-43 (Del. 2016) (changes to § 3901(d) that might now allow some concurrent sentencing for multiple convictions arising out of same criminal conduct do not apply retroactively to inmates convicted and sentenced before 2014 Amended Sentencing

As such, you are not eligible for relief under new 11 *Del. C.* § 4214(f) because you do not meet the statute's time-served eligibility requirement.[10]

Therefore, your request to proceed *pro se* and for a certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c) is **DENIED**, with prejudice. You are manifestly ineligible for relief under 11 *Del. C.* § 4214(f) and the Court need not grant *pro se* status to pursue a futile application for relief.[11]

    **IT IS SO ORDERED.**

Paul R. Wallace, Judge

cc:    Criminal Prothonotary – Sussex County
        Honorable Mark C. Conner
        David Hume, IV, Chief Prosecutor, Sussex County

---

Act's effective date—July 9, 2014); *State v. Thomas*, 220 A.3d 257, 264 (Del. Super. Ct. 2019) (same for changes to § 3901(d) introduced by the 2019 Amended Sentencing Act).

[10]  *See* DEL. CODE ANN. tit. 11, § 4214(f) (2021) (inmate must serve a sentence equal to the current mandatory under the amended Habitual Criminal Act to be eligible for relief); *see also State v. Harris*, 2022 WL 472518, at *1 (Del. Super. Ct. Feb. 14, 2022) (inmate must meet both the type-of-sentence **and** the time-served requirement to be eligible for review under 11 *Del. C.* § 4214(f)); *id.* at *4 (explaining analysis under the time-served requirement).

[11]  *See, e.g., Clark v. State*, 2018 WL 1956298 (Del. Apr. 24, 2018) (this Court does not err in denying appointment of counsel or permission to proceed *pro se* under § 4214(f) and this Court's rules when an inmate doesn't meet the statute's eligibility requirements).