**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: February 10, 2022
Decided: March 9, 2022

Mr. David R. Wright
SBI# 158184
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

   RE: *State v. David R. Wright*
     I.D. No.  0802023870
     Request for Certificate of Eligibility under 11 *Del. C.* § 4214(f)

Dear Mr. Wright:

  The Court has received your filing dated February 5, 2022, through which you request, *pro se*, a certificate of eligibility to seek review of your sentence under Title 11, Section 4214(f).[1]  In short, you suggest that the Court should grant you a certificate of eligibility because you believe others who have received one may have served a shorter period of time than you have thus far.[2]  That may indeed be true. But pointing out that simple fact does nothing to satisfy the exacting requirements for § 4214(f) eligibility in your individual case.[3]  And so, for the sake of completeness, the Court has reviewed: your request; the record in your case; and, the applicable law and Court rules.

  You are serving a habitual criminal sentence for each of your five felony convictions in this case, at least three of those are clearly for violent felonies—

---

[1] D.I. 104

[2] *Id.* (citing *State v. McDougal*, 2020 WL 4384088 (Del. Super. Ct. July 31, 2020)).

[3] *See State v. Lewis*, 2018 WL 4151282, at \*\*1-2 (Del. Super. Ct. Aug. 28, 2018), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019) (describing the requirements that must be met before the Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)).

Robbery First Degree (S08-02-1094I), Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF) (S08-02-1095I), and Kidnapping Second Degree (S08-02-1098I).[4]  Prior to sentencing, the State had moved to have your habitual criminal status applied to each of your five convictions, including those three violent felonies just mentioned.[5]  And the Court granted that motion.[6]  That means at least the first 65 years of your 74-year imprisonment term were required to be imposed under then-extant 11 *Del. C.* § 4214(a).[7]  And the effective date of that sentence is no earlier than January 9, 2009.[8]

Under § 4214(f), a habitual criminal serving a sentence under the pre-2016 Habitual Criminal Act is eligible for sentencing relief only "after the person has

---

[4]  Sentencing Order, *State v. David R. Wright*, ID No. 0802023870 (Del. Super. Ct. Jan. 9, 2009) (D.I. 34).

[5]  Habitual Criminal Petition, *State v. David R. Wright*, ID No. 0802023870 (Del. Super. Ct. Jan. 6, 2009) (D.I. 32).

[6]  D.I. 33.

[7]  DEL. CODE ANN. tit. 11, § 4214(a) (2007) (providing for a minimum mandatory sentence equal to the statutory maximum for each violent Title 11 triggering felony); *id.* at §§ 832, 4201(c) and 4205(b)(2) (maximum sentence for first-degree robbery, a violent class B felony, was 25 years at Level V at the time of this your crimes); *id.* at §§ 1447, 4201(c) and 4205(b)(2) (maximum sentence for PDWDCF, a violent class B felony, was 25 years at Level V at the time of this your crimes); *id.* at §§ 783, 4201(c) and 4205(b)(3) (maximum sentence for the violent class C felony of second-degree kidnapping was, at the time of your crimes, 15 years at Level V); and, *id.* at § 3901(d) (providing at the time of your crimes that no sentence of confinement for any crime could be made to run concurrently with any other sentence of confinement imposed).

Where the State files a substantively adequate motion for application of one's habitual offender status and that motion becomes the basis for a finding of the existence of his habitual offender status, this Court must apply that habitual offender status to each specific count—no more or no less—advanced by the State. *Kirby v. State*, 1998 WL 184492, at *2 (Del. Apr. 13, 1998); *Reeder v. State*, 2001 WL 355732, at * 3 (Del. Mar. 26, 2001); *Hawkins v. State,* 2002 WL 384436, *2 (Del. Mar. 6, 2002); *Johnson v. State*, 2002 WL 1343761, at *2 (Del. June 18, 2002).

[8]  Sentencing Order, at 1.  The Court notes you were sentenced in another habitual criminal case just months earlier.  Sentencing Order, *State v. David R. Wright*, ID No. 0801021840 (Del. Super. Ct. Apr. 18, 2008) (D.I. 11).

served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by th[e current provisions of the Habitual Criminal Act] or the statutes describing said offense or offenses, whichever is greater."[9]  And, under the current provision of the Habitual Criminal Act that appears to apply to you— § 4214(c)—the resulting habitual criminal portion of your sentence would be the same:  a minimum mandatory term of 65 years of unsuspended imprisonment.[10]  So you are not eligible for relief under 11 *Del. C.* § 4214(f) because you do not meet the statute's time-served eligibility requirement.[11]

---

[9]     DEL. CODE ANN. tit. 11, § 4214(f) (2021).

[10]    *See* DEL. CODE ANN. tit. 11, § 4214(c) (2021) (habitual criminal sentenced for a triggering fourth felony, when that felony is a Title 11 violent felony and at least one of his priors was a Title 11 violent felony, must receive the statutory maximum for that triggering Title 11 violent felony); *see also Hawkins, supra.* (this Court must apply one's habitual status to each triggering conviction upon which the State moves in its petition); *see also Fountain v. State*, 139 A.3d 837, 842-43 (Del. 2016) (changes to § 3901(d) that might now allow some concurrent sentencing for multiple convictions arising out of same criminal conduct do not apply retroactively to inmates convicted and sentenced before 2014 Amended Sentencing Act's effective date—July 9, 2014); *State v. Thomas*, 220 A.3d 257, 264 (Del. Super. Ct. 2019) (same for changes to § 3901(d) wrought by the 2019 Amended Sentencing Act).

Given the posture of this request, the Court could not and need reckon your definitive categorization under the current Habitual Criminal Act.  *See Lewis*, 2018 WL 4151282, at *2 ("Occasionally . . . because statutory tiering under the revised Habitual Criminal Act is based on considerations such as whether a predicate felony conviction was for a Title 11 violent felony—something that was of no moment to the State when filing, nor the Court when granting a habitual criminal petition under the old law—the Court must . . . conduct a more searching inquiry into the inmate's conviction history.").  But just a passing examination of the habitual criminal petitions filed around the time of your sentencing (Case ID Nos. 0801021840 and 0802023870) reveals that on your best day under current law, you would have to serve a minimum mandatory term of 37½ of unsuspended imprisonment. *See, e.g.,* DEL. CODE ANN. tit. 11, § 4214(c) (2021) (one sentenced under that current provision must receive a minimum sentence of not less than one-half the statutory maximum penalty otherwise provided for each triggering Title 11 violent felony moved for in the State's habitual criminal petition).

[11]    *State v. Harris*, 2022 WL 472518, at *1 (Del. Super. Ct. Feb. 14, 2022) (inmate must meet both the type-of-sentence ***and*** the time-served requirement to be eligible for review under 11 *Del. C.* § 4214(f)); *id.* at *4 (explaining analysis under the time-served requirement).

Therefore, your request for a certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c) is **DENIED**, with prejudice.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge


cc:     Criminal Prothonotary – Sussex County
        Honorable Craig A. Karsnitz
        David Hume, IV, Chief Prosecutor, Sussex County