# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
          )
   v.        )    ID No. 1210020566
          )
TYARE LEE,       )
          )
   Defendant.     )

## ORDER

On this 15th day of November, 2022, upon consideration of Defendant Tyare Lee's ("Defendant") *pro se* Motion for Sentence Reduction (the "Motion"),[1] the sentence imposed upon Defendant, statutory and decisional law, and the record in this case, it appears to the Court that:

1. On January 6, 2014, Defendant pled guilty to one count of Murder Second Degree, one count of Attempted Robbery First Degree, two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Conspiracy Second Degree.[2] On March 12, 2015, Defendant was sentenced to a sum of twenty-four years at Level V followed by decreasing levels of probation.[3]

---

[1] D.I. 42.

[2] *See* D.I. 30.

[3] For Murder Second Degree, Defendant was sentenced to thirty years at Level V, suspended after fifteen years at Level V, for five years at Level IV, suspended after six months at Level IV, for four years and six months at Level III; for Attempted Robbery First Degree, Defendant was sentenced to three years at Level V; for each of the PFDCF counts, Defendant was sentenced to three years at Level V, for a total of six years; for Conspiracy Second Degree, Defendant was sentenced to two years at Level V, suspended for two years at Level III. *See* D.I. 34.

2. On August 25, 2022, Defendant filed this Motion, pursuant to Superior Court Criminal Rule 35(b),[4] requesting modification of his Level V sentence. Defendant raised two claims in the Motion. First, Defendant requests that the Level V terms for his convictions of Attempted Robbery First Degree and PFDCF to be modified to run concurrently "under the law change of concurrent sentences." Second, Defendant claims that the KEY program, the successful completion of which was imposed as a condition to his Level V sentence, is no longer available; Defendant requests a modification to his sentence to reflect such change.

3. When considering motions filed under Superior Court Criminal Rule 35(b), the Court determines whether any procedural bars are applicable before addressing the merits.[5] Rule 35(b) requires that a motion to reduce imprisonment be made within 90 days after the sentence is imposed.[6] To overcome the 90-day time bar, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[7] The moving defendant bears a "heavy

---

[4] Defendant did not specifically cite to Superior Court Criminal Rule 35(b) in his Motion. Because it is apparent from the Motion that Defendant is seeking reduction or modification of his sentence, the Court will consider the Motion under that rule. *See Jones v. State*, 825 A.2d 238 (TABLE), 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[5] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).

[6] Super. Ct. Crim. R. 35(b).

[7] *Id.*

2

burden" to establish "extraordinary circumstances" in order to uphold the finality of sentences.[8]

4. Defendant was sentenced in 2015 and his Motion was filed far more than 90 days after the imposition of his sentence. Defendant referenced "the law change of concurrent sentences" as the legal basis for his request for concurrent Level V sentences. The Court presumes that Defendant is referring to a 2019 amendment to the Sentencing Act, 11 *Del. C.* § 3901(d), which expanded a Delaware sentencing judge's authority to impose concurrent, rather than consecutive, terms of confinement.[9] However, to the extent that Defendant claims the 2019 amendment to the Sentencing Act provides some exceptional relief under Rule 35(b), that argument is misplaced. The 2019 amendment, which was enacted after the

---

[8] *State v. Diaz*, 111 A.3d 1081 (TABLE), 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[9] For nearly forty years, concurrent sentences of confinement were strictly prohibited under Delaware law, since the Delaware legislature explicitly eliminated such sentencing in 1977. The first lifting of this complete ban on concurrent terms of imprisonment came in 2014, where the General Assembly amended 11 *Del. C.* § 3901(d) to allow the sentencing judge discretion in imposing concurrent sentences, except for certain enumerated crimes, for which concurrent sentencing is still prohibited. In 2019, another amendment to § 3901(d) was enacted to further expand the sentencing judge's authority, by striking a handful of crimes from the 2014 amendment's list of enumerated offenses for which concurrent sentencing is prohibited. For a detailed discussion of 11 *Del. C.* § 3901(d) and its several amendments, please see *State v. Thomas*, 220 A.3d 257, 263 (Del. Super. 2019) and *Fountain v. State*, 139 A.3d 837, 840-41 (Del. 2016).

3

imposition of Defendant's sentence, does not meet Rule 35's "extraordinary circumstances" criterion.[10]

5. Notwithstanding Rule 35(b)'s procedural bar against untimely motions, the 2019 amendment simply does not apply to the instant case. First, the statutory change in sentencing embedded in the 2019 amendment does not apply retroactively.[11] Defendant's sentence was imposed in 2015, more than four years before the enactment of the 2019 amendment. Hence, the 2019 amendment, and its implications on concurrent sentencing, does not apply to Defendant's sentence.

6. In addition, even if the 2019 amendment could be applied retroactively to Defendant's case, it is of no assistance to reducing Defendant's overall sentence. The statute, after being amended in 2019, explicitly provides that "*no* sentence of confinement of any criminal defendant by any court" can be made to run concurrently with *any* other sentence of confinement imposed for *enumerated offenses*.[12] Included among those enumerated crimes is PFDCF. Here, Defendant was sentenced to a separate three-year term, for each of the attempted robbery count and two PFDCF counts, for a total of nine years. Because PFDCF is a concurrent-

---

[10] *State v. Caulk*, 2021 WL 2911768, at *2 (Del. Super. July 12, 2021) ("Rule 35(b) is not now, nor ever has been, an instrument for reexamination of previously imposed sentences in light of subsequent statutory changes.") (quoting *Thomas*, 220 A.3d at 261).

[11] *Thomas*, 220 A.3d at 264 (citing *Fountain*, 139 A.3d at 841-43) (finding that the 2019 amendment did not explicitly provide for such retroactivity or include special procedures to address its retroactive application).

[12] 11 *Del. C.* § 3901(d) (emphasis added).

sentence-prohibited crime, the three-year term for the attempted robbery conviction could not be made to run concurrently with sentences for the PFDCF. Therefore, any change to the sentencing mechanism brought by the 2019 amendment, even if available to Defendant, makes no difference in his case.

7. Defendant's second claim is regarding the unavailability of the KEY program in the detention facilities. The Court notes that the KEY program has been replaced by a new program titled "Road to Recovery." Defendant is thus obligated to comply with the terms and conditions of the new program as part of his Level V sentence.

8. The Court concludes that Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction of this sentence.

For the foregoing reasons, Defendant's Motion for Sentence Reduction is **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc:    Tyare Lee (SBI #00644379)
        Department of Justice, Wilmington, DE
        Investigative Services